ACCEPTED
13-14-00441-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/20/2015 10:38:59 PM
DORIAN RAMIREZ
CLERK

CAUSE NO. 13-14-00441-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH SUPREME JUDICIAL DISTRICT
CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
3/20/2015 10:38:59 PM
DORIAN E. RAMIREZ
Clerk

RENE FRANCISCO AGUILERA., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

APPEAL OF TRIAL COURT CASE NO. CR-1836-00-D(1)
FROM THE 206TH JUDICIAL DISTRICT OF HIDALGO COUNTY, TEXAS
The Honorable Rose Guerra Reyna, Presiding

**BRIEF OF STATE/APPELLEE**

RICARDO RODRIGUEZ, JR.
CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY TEXAS

MICHAEL W. MORRIS, ASSISTANT
State Bar No. 24076880
Lead Counsel for Appellee

Office of Criminal District Attorney
Hidalgo County Courthouse
100 N. Closer Blvd.
Edinburg, Texas 78539
Telephone:    (956) 318-2300 ext. 781
Telefax:         (956) 380-0407

ATTORNEYS FOR THE STATE

Oral argument is not requested

i

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT in this case is Rene Francisco Aguilera.

APPELLANT is represented on appeal by Hon. Carlos M. Garcia, 320 W. Pecan Blvd., McAllen, Texas 78501.

APPELLANT was represented during the application for writ of habeas corpus by Hon. Carlos M. Garcia, 300 E. Pecan Blvd., McAllen, Texas 78501.

APPELLEE in this case is the State of Texas, by and through her District Attorney for Hidalgo County, the Hon. Ricardo Rodriguez, Jr., Office of Criminal District Attorney, Hidalgo County Courthouse, 100 N. Closner Blvd., Edinburg, Texas 78539.

APPELLEE is represented on appeal by Hon. Michael W. Morris, Assistant District Attorney for Hidalgo County, Hidalgo County Courthouse, 100 N. Closner Blvd., Edinburg, Texas 78539.

APPELLEE was represented application for writ of habeas corpus by Hon. Michael W. Morris, Assistant District Attorney for Hidalgo County, Hidalgo County Courthouse, 100 N. Closner Blvd., Edinburg, Texas 78539.

# TABLE OF CONTENTS

Identification of Counsel and Parties ................................................................... ii

Table of Contents ................................................................................................. iii

Index of Authorities ............................................................................................. iv

Notation as to Citation ......................................................................................... vi

Statement of the Case .......................................................................................... vii

Issues Presented (Restated) ................................................................................. vii

Note as to Oral Argument .................................................................................... vii

Statement of Facts .................................................................................................1

Summary of the Argument .....................................................................................1

Argument ...............................................................................................................1

I.    **The Trial Court did not abuse its discretion in denying Appellant's writ application** .................................................................2

    A.    **Credibility determinations of Appellant and his common law wife** ..........................................................................................................2

    B.    **Actual innocence - *Herrera*** ................................................................5

    C.    **Actual Innocence - *Schlup*** ..................................................................6

II.   **Ineffective Assistance of Counsel** ..........................................................6

Prayer for Relief .................................................................................................. 10

Certificate of Compliance ................................................................................... 11

Certificate of Delivery ........................................................................................ 12

# INDEX OF AUTHORITIES

## Cases

*Drew v State*, 743S.W.2d 207 (Tex Crim. App. 1987) ........................................3

*Ex parte De Los Reyes*, 392 S.W.3d 675 (Tex. Crim. App. 2013) ............. 3, 4, 6

*Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996) ......................... 10

*Ex parte Franklin*, 72 S.W.3d 671 (Tex. Crim. App. 2002) ....................... 11, 12

*Ex parte Garcia*, 353 S.W.3d 785 (Tex. Crim. App. 2011) .................................4

*Ex parte Harleston*, 431 S.W.3d 67 (Tex. Crim. App. 2014) .............................8

*Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997) .............................. 10

*Herrera v. Collins*, 506 U.S. 390 (U.S. 1993) ....................................................9

*Montgomery v. State*,
810 S.W.2d 372 (Tex. Crim. App. 1990) (op. on reh'g) ........................ 9, 10, 11

*Moore v. State*, 694 S.W.2d 528 (Tex. Crim. App. 1985) ...................... 9. 10, 11

*Padilla v. Kentucky*, 559 U.S. 356 (U.S. 2010) .................................................4

*Pipkin v. State*,
935 S.W.2d 213 (Tex. App. - Amarillo 1996, pet. ref'd) ........................... 4, 5, 7

*Schlup v. Delo*, 513 U.S. 298 (1995) ................................................................2

*Strickland v. Washington*, 466 U.S. 668 (1984) ......................................... 3, 4, 5

*Villarreal v. State*, 935 S.W.2d 134 (Tex. Crim. App. 1996) .......................... 10

## Statutes and Rules

TEX. CODE CRIM. PROC. Art. 11.07 (2013) ...................................................... 2, 3

TEX. CODE CRIM. PROC. Art. 11.072 (2013) .................................................... 2, 3

TEX. CODE CRIM. PROC. Art. 12.01 (2013) ........................................................4

TEX. R. APP. P. 33.1(a)(2013) ............................................................................6

## NOTATION AS TO CITATION

Citation to the record of the case below will be as follows:

1. Citation to the three volume Reporter's Record (RR) and the one volume Supplemental Reporter' Record (SRR) will be to volume and page, e.g., "2 RR 12" refers to page twelve of volume two of the Reporter's Record.

   a. Citation to State's exhibits will be to volume and exhibit, e.g., "3 RR SX 5" refers to State's exhibit five found within volume three of the Reporters Record.

2. Citation to the single-volume Clerk's Record (CR) will be to page only, e.g., "CR 015" refers to page 15 of the Clerk's Record.

3. Citation to Appellant's Brief (AB) will be to page only, e.g., "AB at 6" refers to page 6 of the Appellant's Brief.

## STATEMENT OF THE CASE

The State adopts Appellant's Statement of the Case.

## ISSUES PRESENTED

I.      The Trial Court did not abuse its discretion in finding that Appellant did not prevail on his claim of actual innocence

II.      The Trial Court did not abuse its discretion in finding that Appellant did not prevail on his claim of ineffective assistance of counsel.

## NOTE AS TO ORAL ARGUMENT

The State of Texas respectfully submits that oral argument in the case at bar would not serve to enlighten the Court further, because the facts and legal arguments are adequately presented in the briefs and record. The State respectfully submits that oral argument in the instant case is not necessary and should therefore be denied.

The State reserves the right to present oral argument should the Court grant oral argument.

## STATEMENT OF FACTS

The State generally adopts Appellant's Statement of Facts.

## SUMMARY OF THE ARGUMENT

The Trial Court was free to assess the credibility of Appellant and Ms. Lorena Martinez; said credibility determination was sole within the discretion of the Trial Court. As such, Appellant has failed to show that the Trial Court abused its discretion in denying his claim of actual Innocence under *Ex Parte Elizondo/ Herrera.* Further, there is no freestanding *Schlup* actual innocence claim.

The trial court did not abuse its discretion in denying Appellant's claim that his trial counsel rendered ineffective assistance of counsel. Appellant was advised of the consequences of his plea by his attorney Luis Singleterry and cannot show that he received deficient performance when his trial counsel Susan Miller did not repeat the admonishments. Further, Appellant was properly admonished by the Court and cannot show harm even if counsel was deficient.

1

# ARGUMENT

## I. The Trial Court did not abuse its discretion in denying Appellant's writ application.

### A. Credibility determinations of Appellant and his common law wife.

In his first two issues Appellant alleges that the Trial Court abused its discretion in finding the testimony of Appellant and his common law wife, Lorena Martinez, not credible. However, Appellant misunderstands the applicable law. The cases Appellant cites for the proposition that the credibility determinations in a writ of habeas corpus proceeding as subject to review are proceedings under article 11.07 of the Texas Code of Criminal Procedure. *See* AB at 19-20,

Appellant received a suspended sentence and was placed on community supervision. CR 6. Appellant's application for writ of habeas corpus was filed under Article 11.072 of the Code of Criminal Procedure[1]. CR 14, 82, 91. The trial court acts as the factfinder in applications for writ of habeas corpus filed under art. 11.072 of the Code of Criminal Procedure; the trial court merely makes findings and recommendations to the Court of Criminal Appeals in applications filed under art. 11.07 of the Code of Criminal Procedure. *Compare* TEX. CODE CRIM. PROC. 11.072 §7(a); TEX. CODE CRIM. PROC. 11.07 § 5. As such, the case law explaining the role of the trial court in proceedings under art.11.07 of the code of criminal

---

[1] All references to the code of criminal procedure reference the Texas Code of Criminal Procedure unless otherwise noted.

2

procedure are not necessarily binding for those under 11.072. The Court of Criminal Appeals has noted the difference between the art. 11.072 and art 11.07 of the code of criminal procedure. In *Ex parte Garcia*, the Court of Criminal Appeals noted that while it is the ultimate factfinder for purposes of applications filed under art. 11.07, it is sitting as a true appellate court in the 11.072 context. 353 S.W.3d 785, 787-88 (Tex. Crim. App. 2011). As such, the Trial Court is the sole finder of fact in the 11.072 context. *Id.*

A trial court is free to believe all, some, or none of a witness's testimony; the trial court is free to disbelieve a witness's testimony even if that testimony is uncontroverted. When acting as the sole and exclusive fact finder, the trial court is likewise the sole judge as to the credibility of the witnesses and the weight to be given their testimony. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).[2] The Trial Court's credibility determinations were made after live testimony in which the Court was able to observe the demeanor of the witness and the content of the testimony. *See* 2 RR *passim*. In determining the credibility of a recanting witness, the prior testimony or statement must be weighed against the new testimony. Further, it is always a situation where a witness is stating "I lied before, but believe me now."

---

[2] In *Ex parte Garcia,* the Texas Court of Criminal Appeals determined that the *Guzman* standard of deference applied in 11.072 context. *Garcia* 353 S.W.3d at 788.

3

Appellant is incorrect that *Drew v. State* is inapposite. Ms. Martinez was not convicted of the same crime, but was charged with and later had an Order Barring Offense signed for the same conduct.[3] Further, the statute of limitations for possession of marijuana is three years. *See* TEX. CODE CRIM. PROC. art. 12.01(7). The Order Barring Offense in Ms. Martinez's case was signed June 15, 2001. 3 RR SX5. Any tolling provided by the indictment filed by the State would also have terminated at that time. Clearly, more than the three years have passed between the entry of the Order Barring Offense and Ms. Martinez's recantation and acceptance of responsibility. Therefore, she does not subject herself to any criminal liability in claiming the marijuana in question was in her sole possession. Therefore, under *Drew v State*, 743S.W.2d 207, 288 (Tex Crim. App. 1987), the Court correctly viewed her testimony with skepticism.[4]

Appellant cannot show that the Trial Court's determination of credibility was an abuse of discretion.

---

[3] In said order, the Trial Court stated that it was considering the barred cause as an unadjudicated offense in another cause number. *See* 3 RR SX 5.

[4] Appellant's argument that *Drew* has somehow been supplanted by the actual innocence case law flowing from *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996) is also without merit. The fact that the Texas Court of Criminal Appeals has stated that recantation testimony if found credible can be the basis for a claim of actual innocence does not diminish the logic espoused in *Drew* that testimony from an accomplice that exonerates a defendant without exposing the accomplice to further criminal liability is to be viewed with suspicion. *Drew*, 743S.W.2d at 288.

## B. Actual innocence - *Herrera*

In his second ground, Appellant alleges that the Trial Court abused its discretion when it denied his actual innocence claim. AB at 27. This claim is premised off his faulty assertion that the testimony of Appellant and Ms. Martinez must have been credible. As the State contends above, this is not so; the Trial Court specifically found that the testimony was not credible. Without credible testimony rebutting Appellant's confession in his statement, there is no newly discovered evidence that provides clear and convincing evidence that Appellant is actually innocent. *See Elizondo*, 947 S.W.2d at 209; *Herrera v. Collins*, 506 U.S. 390 (U.S. 1993). Further, at least as to the evidence provided by Appellant himself, it cannot have been "newly discovered"; Appellant would have had to been aware that he did not know of the marijuana in the bedroom. The evidence adduced from Appellant's wife, even if it was to be believed, hardly amounts to clear and convincing evidence in light of the admission of guilt in Appellant's statement and his judicial confession. *See* 2 RR15-17; *Ex parte Harleston*, 431 S.W.3d 67, 91-92 (Tex. Crim. App. 2014)(Price J. concurring)("[The] recantation[] must be so convincing and compelling that [it] produce[s] in our minds the firm belief or conviction that no reasonable juror, having heard the recantations, would have relied upon the complaining witness's trial testimony to convict.").

5

## C. Actual Innocence - *Schlup*

In Appellant's second ground, he also claims that the Trial Court erred by failing to grant his actual innocence claim based on *Schlup v. Delo*, 513 U.S. 298 (1995). However, Appellant fails to state that a *Schlup* actual innocence claim is merely a gateway to have an otherwise barred claim resurrected and does not provide affirmative relief itself. *See Elizondo,* 947 S.W.2d at 208; *Ex parte Franklin*, 72 S.W.3d 671, 675 (Tex. Crim. App. 2002). This was Appellant's first writ application, and as such, neither his *Herrera* actual innocence claim nor his ineffective assistance of counsel claim was procedurally barred. *See* CR 14, 99, 139, 142.

Therefore, Appellant does not need to make a *Schlup* claim to have his claims heard on the merits and a *Schlup* claim cannot afford Appellant any relief.

## II.    Ineffective Assistance of Counsel[5]

In his third ground, Appellant claims that the trial court erred when it denied his application for writ of habeas corpus on the grounds that his attorney Susan Miller provided ineffective assistance of counsel because she did not personally admonish him of the consequences of his plea.

---

[5] Appellant alleges additional ground of ineffective counsel in his appellate brief. These claims were not raised by way of the application for writ of habeas corpus, nor were they raised during the evidentiary hearing. CR 14- 90; 2 RR *passim.* As such, the State contends that they were not preserved and will not address such claims. *See* Tex. R. App. P. 33.1(a)(2)(A).

A trial court's decision whether to deny or grant an application for habeas corpus is reviewed under an abuse of discretion standard. *Pipkin v. State*, 935 S.W.2d 213, 215 (Tex. App. - Amarillo 1996, pet. ref'd). An abuse of discretion occurs when a trial court acts without reference to any guiding principles or rules. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (op. on reh'g). The appellate courts should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *See Guzman*, 955 S.W.2d at 89 (Tex. Crim. App. 1997) (quoting *Villarreal v. State*, 935 S.W.2d 134, 139-41 (Tex. Crim. App. 1996)(Mansfield J. Concurring). The appellate courts, including this Court, should afford the same amount of deference to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.*

In a claim for ineffective assistance of counsel, the defendant must show: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant has the burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence. *Moore v. State*, 694

7

S.W.2d 528, 531 (Tex. Crim. App. 1985). A defendant's failure to show either deficient representation or prejudice will defeat a claim of ineffective assistance of counsel. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). Nothing required Ms. Miller to advise Appellant of the consequences of pleading and the rights that he will be waiving on the record, merely that the act have been accomplished prior to the plea.

Here, the trial court found that Ms. Miller provided credible testimony that Mr. Singleterry had admonished Appellant of the consequences of his plea in Spanish. *See* CR 139, 142. Ms. Miller's duty as Appellant's counsel was to insure that he was advised of the consequences of the plea; she was not required to personally advise him of the consequences if another attorney representing Appellant did in fact advise him of the consequences. Appellant was so advised by a competent attorney in Mr. Singleterry. CR 131, 139. This is further supported by the fact that the plea paperwork was signed by both Appellant and Mr. Singleterry. CR 103-06. Further, Appellant acknowledges that he and Mr. Singleterry signed the plea admonishment paperwork. 2 RR 12-13. Appellant had also acknowledged having his rights and the plea admonishments explained at his plea. CR 60-65. Additionally, Appellant was admonished of the consequences by the Trial Court. *See* CR 60-69. As such, Appellant can show neither deficient performance, nor prejudice.

Appellant cannot show prejudice as he cannot show that but for the claimed performance, the outcome would have been different.  Here Appellant claimed, on application for writ, that the deficient performance was Ms. Miller's failure to explain the consequences of his plea.  However, Appellant was informed of the consequences and the rights he was waiving by the Trial Court and Mr. Singleterry.  CR 60-69; 103-06.  Given that Appellant was made aware of the consequences of his plea; he cannot now claim that knowledge of these consequences from Ms. Miller would have made him change his plea.  Further, Appellant never testified that he would have changed his plea or that he would have wanted to go to trial if only some right or consequence had been explained to him. [6]  2 RR 9-14.

---

[6] The references in Appellant's application that he would not have plead if Ms. Miller had advised him of the immigration consequences was not a sworn statement by Appellant.  Further, a sworn statement alone from an applicant is insufficient to support a finding by a trial court. *See Garcia*, 353 S.W.3d at 789.  Counsel is now required to inform a defendant of the immigration consequences. *See Padilla v. Kentucky*, 559 U.S. 356, 367 (U.S. 2010).  However, *Padilla* is not retroactive. *See Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013).  Appellant plead guilty to this offense nearly 9 years before *Padilla* was decided.  Ms. Miller was under no duty to inform Applicant of the immigration consequences.

## PRAYER FOR RELIEF

WHEREFORE, the State of Texas respectfully requests that the Order of the

Trial Court be, in all things, AFFIRMED.

Respectfully submitted,

RICARDO RODRIGUEZ, JR.
CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY TEXAS

__/s/ Michael W. Morris_____
Michael W. Morris, Assistant
Criminal District Attorney

State Bar No. 24076880

Office of Criminal District Attorney
Hidalgo County Courthouse
100 N. Closner Blvd.
Edinburg, Texas 78539
Telephone:  (956) 318-2300 ext. 781
Telefax:  (956) 380-0407
Email:  michael.morris@da.co.hidalgo.tx.us

ATTORNEYS FOR THE STATE

100 N. Closner Blvd.
Edinburg, Texas 78539
Telephone:  (956) 318-2300 ext. 781
Telefax:      (956) 380-0407

ATTORNEYS FOR THE STATE

10

## Certificate of Compliance

I hereby certify that this document has the following number of words:

A. Initial documents—beginning at cover page and ending at *Note as to Oral Argument*:   833 words

B. Brief:          2378 words

C. Total:          3211 words

Respectfully submitted,


__/s/ Michael W. Morris_____
Michael W. Morris, Assistant
Criminal District Attorney

State Bar No. 24076880

Office of Criminal District Attorney
Hidalgo County Courthouse
100 N. Closner Blvd.
Edinburg, Texas 78539
Telephone:  (956) 318-2300 ext. 781
Telefax:     (956) 380-0407

## <u>CERTIFICATE OF DELIVERY</u>

This is to certify that a true and correct copy of the foregoing Brief of State/Appellee was sent to Appellant's attorney of record, Carlos M. Garcia through the electronic filing service on March 20, 2015.


\_\_/s/ Michael W. Morris_____
Michael W. Morris