**Ex parte William Garland YOUNG.**

**No. 45269.**

Court of Criminal Appeals of Texas.

March 8, 1972.

Rehearing Denied May 9, 1972.

Paul J. Chitwood, Dallas, for petitioner.

Jim D. Vollers, State's Atty., Austin, for the State.

**46**

OPINION

DALLY, Commissioner.

This is a post-conviction habeas corpus proceeding, authorized by Article 11.07, Vernon's Ann.C.C.P. See Ex Parte Young, 418 S.W.2d 824 (Tex.Cr.App.1967).

Petitioner was convicted in Criminal District Court #3 of Dallas County, Texas, for the offense of rape and was sentenced to a life term in prison on March 22, 1961, in Cause No. C–8761–HJ. Review of that judgment on appeal was not sought.

Petitioner made application for habeas corpus to the convicting court, alleging that he was "deprived of his right to appeal" in violation of his constitutional rights.

The convicting court, Honorable James B. Zimmermann, Presiding, appointed counsel for petitioner and conducted an evidentiary hearing on the allegations contained in the petition. After the hearing, the trial court found that: (1) petitioner was indigent at the time of his trial and sentencing; (2) petitioner was not advised of his right to appeal, that he did not know that he had a right to appeal; (3) that he did not waive his right to appeal, and (4) that had petitioner known of his rights to appeal, he would have exercised these privileges. The trial court concluded that petitioner had been deprived of his constitutional right to appeal and recommended that the writ be granted and made returnable to this court.

■ Initially, it should be noted that this court is not bound by the findings of the trial court in a habeas corpus proceeding. See Ex Parte Marez, 464 S.W.2d 866 (Tex.Cr.App.1971); Ex Parte Bazemore, 430 S.W.2d 205 (Tex.Cr.App.1968); Ex Parte Carpenter, 425 S.W.2d 821 (Tex.Cr.App.1968); Ex Parte Stickney, 349 S.W.2d 732 (Tex.Cr.App.1961); Ex Parte Johnson, 153 Tex.Cr.R. 619, 224 S.W.2d 240 (1949); Ex Parte Mitchell, 462 S.W.2d 28 (Tex.Cr.App.1971); Ex Parte Young, *supra*. Therefore, this court is required

to determine if the record developed supports the trial judge's recommendation.

■ Petitioner was convicted in 1961, and according to the records of this court, petitioner has never before filed an application for writ of habeas corpus or complained that he was deprived of the right of appeal. After more than eight and one-half years in confinement, petitioner first began claiming that his constitutional right to appeal had been violated. While we do not desire to make an absolute rule concerning habeas corpus petitioners who do not assert their legal remedies promptly, we nevertheless feel that in some instances, a petitioner's delay in seeking relief can prejudice the credibility of his claim. Compare Ex Parte Thorbus, 455 S.W.2d 756 (Tex.Cr.App.1970).

In this particular application for writ of habeas corpus, petitioner alleged "The attorney that was appointed to defend did not try to appeal my case . . . *I told him I wanted to appeal* and he told me to to shut up . . ." The substance of this sworn allegation is that the petitioner was aware of his right of appeal when it was available to him as a matter of right.

During the evidentiary hearing in this cause, petitioner testified under oath that he was "not advised of his right to appeal"; and, that *he did not know that he had a right to appeal*; that if he had known of his right to appeal, he would have asserted this right, and that *he did not learn of this right to appeal until he had spent some two years in the penitentiary*.

There is a direct conflict between petitioner's sworn pleadings and his testimony under oath.

The only other witness that testified in the evidentiary hearing was Paul Wisdom, attorney at law, who petitioner said represented him in his trial. Attorney Wisdom testified that he had no recollection of this case, and that he did not represent this defendant during trial. The docket sheet in this case reflects that J. P. Calhoun and

Paul Lisner were court appointed to represent this defendant at trial. Petitioner produced no evidence other than his own testimony to support his application for writ of habeas corpus.

In a habeas corpus proceeding, there exists a presumption of regularity of the judgment which can only be overcome by the petitioner showing that there is substantial evidence to the contrary. See Ex Parte Cross, 427 S.W.2d 64 (Tex.Cr.App. 1968); Ex Parte Morgan, 412 S.W.2d 657 (Tex.Cr.App.1967); Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957); Welch v. Beto, 355 F.2d 1016 (5th Cir. 1966).

In the case at bar, we are unable to agree with the trial court's recommendation that the writ be granted, and we hold that petitioner has not sustained his burden of proof. The record of the trial of this eleven-year-old conviction is unavailable. The facts and circumstances concerning the failure to appeal cannot be fully explored because of the death of participants and because the time lapse has now erased the memories of others. There is a conflict between the sworn pleading of the petitioner and his testimony under oath. We cannot hold the eleven-year-old conviction void solely upon the testimony of the petitioner, motivated by his self-interest and the prospect of gaining his freedom. We will not overturn a presumably valid conviction at this late date merely because the State cannot rebut petitioner's testimony.

We further note that the court records of petitioner's conviction indicate that he was sentenced for the term of "two years to life" for this conviction of rape. However, under the Indeterminate Sentence Law, the minimum term for rape is five years. See Article 1189, V.A.P.C. and Article 42.09, V.A.C.C.P.

The judgment and sentence are incorrect and should be reformed; however this court is without the authority to reform in

a habeas corpus action See Ex Parte Morris, 171 Tex.Cr.R. 499, 352 S.W.2d 125 (1961); Ex Parte Brian, 389 S.W.2d 467 (Tex.Cr.App.1965); Ex Parte Hatfield, 156 Tex.Cr.R. 92, 238 S.W.2d 788 (1951); Ex Parte Bruinsma, 164 Tex.Cr.R. 358, 298 S.W.2d 838 (1956).

The application for writ of habeas corpus is denied.

Opinion approved by the Court.