**Ex parte Arturo ROCHA.**

**No. 44393.**

Court of Criminal Appeals of Texas.

June 28, 1972.

Rehearing Denied July 28, 1972.

John W. Clark, Edinburg (Court appointed), for appellant.

Oscar B. McInnis, Dist. Atty., and Thomas P. Beery, Asst. Dist. Atty., Edin-

---

2. The trial court charged the jury on the law of principals, knowledge and circumstantial evidence.

burg, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

# OPINION

ODOM, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., and in accordance with Ex parte Young, Tex. Cr.App., 418 S.W.2d 824, in which the petitioner seeks his release from confinement in the Texas Department of Corrections. Petitioner was convicted for the offense of rape in Cause No. 9683 in the 92nd District Court of Hidalgo County on October 5, 1964, and punishment was assessed at life imprisonment. Review of that judgment by appeal was not sought.

In his application for the writ, petitioner alleges that his conviction is invalid "because applicant's court appointed counsel refused to comply with applicant's request that a timely notice of appeal be entered with the record at the time of sentencing . . . to preserve applicant's right to receive a direct review of his conviction by the Texas Court of Criminal Appeals."

A hearing was held on petitioner's application before the Hon. Magnus F. Smith, Judge Presiding, 92nd District Court of Hidalgo County. The record of such hearing reflects that petitioner was seventeen years old at the time of his trial, was indigent, and was represented by two court-appointed attorneys, one of whom is now deceased. Petitioner and the remaining attorney were the sole witnesses testifying at the hearing. Petitioner testified that he requested that the attorney who is now deceased appeal his case and was told ". . . to wait three years to appeal, because at the time of trial it was too hot. I just agreed to appeal my case when the time expired. And after three years I wrote a letter." The record contains two letters written by petitioner to the attorney and the attorney's responses thereto. In none of these letters is an appeal men-

tioned. In one of these letters, petitioner requested that an investigation be made as to why a second party who had been involved in the crime had received a sentence of only five years. In the other letter, petitioner requested the attorney to guarantee favorable action from the Board of Pardons and Paroles. The remaining attorney did not know anything concerning petitioner's allegation.

At the conclusion of the hearing, the trial court found that: (1) petitioner was indigent at the time of his trial; (2) he was capably represented by two court-appointed attorneys; (3) these attorneys discussed the question of appeal with both petitioner and his parents; (4) no one told petitioner that he would have to wait three years in order to appeal; (5) a statement of facts was available but was not requested; (6) no statement of facts is available now; (7) the matter of requesting a statement of facts *in forma pauperis* was explained to appellant's parents; and (8) that appellant acted upon the recommendation of his parents and did not request a statement of facts. Accordingly, the trial court denied relief.

■ In a habeas corpus proceeding, a petitioner bears the burden of overcoming the presumption of regularity of the judgment by showing that there is substantial evidence to the contrary. Ex parte Young, Tex.Cr.App., 479 S.W.2d 45. See also, Ex parte Cross, Tex.Cr.App., 427 S.W.2d 64; Ex parte Morgan, Tex.Cr.App., 412 S.W. 2d 657; and, as we recently stated in Ex parte Young, Tex.Cr.App., 479 S.W.2d 45:

"While we do not desire to make an absolute rule concerning habeas corpus petitioners who do not assert their legal remedies promptly, we nevertheless feel that in some instances, a petitioner's delay in seeking relief can prejudice the credibility of his claim. Compare Ex parte Thorbus, 455 S.W.2d 756 (Tex.Cr. App.1970)."

■ In the instant case, there is no question that petitioner and his parents

knew that he had a right to appeal the conviction and that they were aware that a statement of facts could be obtained. Petitioner's only excuse for not pursuing these remedies immediately after trial is that an attorney advised him to wait three years. That attorney is now dead. Approximately eight years have passed. Petitioner has filed two previous applications for habeas corpus, in neither alleging that he was denied a right to appeal. Only petitioner's testimony supports such claim. Our holding in Ex parte Young, Tex.Cr.App., 479 S.W.2d 45, is applicable:

"We cannot hold the eleven-year-old conviction void solely upon the testimony of petitioner, motivated by his self-interest and the prospect of gaining his freedom. We will not overturn a presumably valid conviction at this late date merely because the State cannot rebut petitioner's testimony." 479 S.W.2d at 47.

In the instant case, we hold that petitioner has not met his burden of showing that he was denied an appeal.

The relief sought is denied.