IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,966






EX PARTE TODRICK MORRIS, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM HARRIS COUNTY






 Per Curiam.



O P I N I O N



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of the Texas Code of Criminal
Procedure, Article 11.07. Ex parte Young, 418 S.W.2d 824, 824 (Tex. Crim. App. 1967). 
Applicant was convicted of possession of a controlled substance, specifically cocaine, with
intent to deliver. Applicant's sentence was assessed at thirty-five years imprisonment. On
appeal, Applicant's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S.
738 (1967). Thereafter, in an unpublished opinion, Applicant's conviction was affirmed by the
Fourteenth Court of Appeals. Morris v. State, No. 14-98-01446-CR (Tex. App. - Harris
1999, no pet.). 

 Applicant contends, among other things, that his appellate counsel rendered ineffective
assistance because he failed to provide Applicant with a copy of the Anders brief that he had
filed on appeal, thereby denying him the opportunity to file a pro se appellate brief. Applicant
also alleges that counsel did not comply with Anders because the brief failed to identify
anything in the record that would have arguably supported his appeal.

 The trial court has entered findings of fact and conclusions of law and has determined
that Applicant was not denied effective assistance of counsel on appeal. However, we do not
believe that those findings are supported by the record. Ex parte Young, 479 S.W.2d 45, 46
(Tex. Crim. App. 1972). Consequently, after a review of the record, including appellant
counsel's affidavit, we find that appellate counsel rendered ineffective assistance and Applicant
is therefore entitled to an out-of-time appeal from the judgment in cause number 773,201
from the 178th Judicial District Court of Harris County, Texas. Applicant's right to appeal is
limited to the opportunity to file a pro se appellate brief in the Fourteenth Court of Appeals
of Texas. Therefore, Applicant is ordered returned to that point in time at which he may give
a written notice of appeal so that he may obtain a meaningful appeal. For purposes of the Texas
Rules of Appellate Procedure, all time limits shall be calculated as if the sentences had been
imposed on the date that the mandate of this Court issues. We hold that should Applicant
desire to prosecute an appeal, he must take affirmative steps to see that a written notice of
appeal is filed in the Fourteenth Court of Appeals within thirty days after the mandate of this
Court has issued.

 Applicant's remaining claims are dismissed. Ex parte Torres, 943 S.W.2d 469, 472
(Tex. Crim. App. 1997) ("a 'denial' signifies that we addressed and rejected the merits of a
particular claim while a 'dismissal' means that we declined to consider the claim for reasons
unrelated to the claim's merits."). 


Do Not Publish

Delivered: June 30, 2004