

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1658-10

---

### Ex parte CRISTELA GARCIA, Appellee

---

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### HIDALGO COUNTY

---

KELLER, P.J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, KEASLER, HERVEY, COCHRAN and ALCALA, joined. JOHNSON, J., concurred.

Appellee filed an application for writ of habeas corpus, alleging that her guilty plea to felony theft twenty-three years ago was involuntary. After a hearing at which appellee testified, the trial court granted relief. The court of appeals reversed, saying, "[T]he only 'evidence' in the record regarding appellee's claim is her own sworn testimony, which is insufficient by itself."[1] Appellee now contends that the cases upon which the court of appeals relied are not on point and that her testimony at a live hearing was a sufficient basis for granting relief. We agree.

## I. BACKGROUND

In 1986 at the age of 18, appellee pled guilty to theft of property valued at more than $750

---

[1] *State v. Garcia*, No. 13-09-00506-CR, 2010 WL 3420585, at 4 (Tex. App.—Corpus Christi-Edinburg August 31, 2010) (not designated for publication).

and less than $20,000, a third-degree felony. She was sentenced to five years, but imposition of that sentence was suspended and she was placed on probation. She was released from probation in 1990. In 2009, she filed an application for habeas corpus under article 11.072,[2] alleging that her plea was involuntary because she did not know that she was being prosecuted as an adult and was too confused and immature to understand the court's admonishments or the consequences of her plea.

At an evidentiary hearing on her writ application, appellee testified that when she pled guilty she believed she was doing so as a juvenile, she did not understand the consequences of her plea, and she was instructed by her counsel just "to sign and that [she would] get probation." She further testified that she learned of her status as a felon only when she was denied an application to carry a concealed handgun. She also explained that, since her guilty plea, she had served as a juror on two or three occasions and was a state notary. The State explained that the presiding judge from the 1986 guilty plea had since died and the reporter's records no longer existed.

The trial court entered findings of fact and conclusions of law in appellee's favor and granted relief. The State appealed, and the court of appeals, finding appellee's testimony alone to be insufficient to support the trial court's ruling, reversed.[3] In support of its decision, the court of appeals relied upon *Ex parte Evans* and *Ex parte Empey*.[4]

## II. ANALYSIS

### A. General Rule of Deference

---

[2] TEX. CODE CRIM. PROC. art. 11.072.

[3] *Garcia*, *supra*.

[4] *Id.* (relying upon *Ex parte Evans*, 964 S.W.2d 643 (Tex. Crim. App. 1998) and *Ex parte Empey*, 757 S.W.2d 771 (Tex. Crim. App. 1988)).

"[A]s a general rule, the appellate courts, including this Court, should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor."[5]  In stating this "general rule" in *Guzman*, we did not explicitly limit it to the suppression-of-evidence context before us in that case, and we have applied it in numerous other contexts.[6]  Under the rule of deference, a fact-finder can rule in a defendant's favor based solely upon the defendant's own testimony if crediting the defendant's testimony would logically show that the defendant is entitled to relief.[7]  The question before us is whether caselaw or logic compels that a different rule apply in the context of this case.

The cases relied upon by the State may be grouped into two categories: (1) article 11.07[8]

---

[5]  *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

[6]  *See Chadwick v. State*, 309 S.W.3d 558, 561 & n.21 (Tex. Crim. App. 2010) (decision of whether a mentally ill defendant is competent to proceed *pro se*); *Landers v. State*, 256 S.W.3d 295, 303 & n.15 (Tex. Crim. App. 2008) (disqualification of the prosecutor); *Cantu v. State*, 253 S.W.3d 273, 282 & n.29 (Tex. Crim. App. 2008) (speedy-trial claim); *Robertson v. State*, 187 S.W.3d 475, 484 n.12 (Tex. Crim. App. 2006) (motion-for-new-trial hearing); *Johnson v. State*, 169 S.W.3d 223, 239 & n.90 (Tex. Crim. App. 2005) (ineffective-assistance-of-counsel claim); *Newbury v. State*, 135 S.W.3d 22, 32 (Tex. Crim. App. 2004) (ruling on challenge for cause); *Browder v. State*, 109 S.W.3d 484, 490 (Tex. Crim. App. 2003) (probation revocation); *Rivera v. State*, 89 S.W.3d 55, 60 & n.17 (Tex. Crim. App. 2002) (proceedings under DNA-testing statute).

[7]  *See State v. Romero,* 800 SW2d 539, 544 (Tex. Crim. App. 1990) ("The trial court's suppression of the statements can be upheld, however, on the theory that he chose to believe the appellant, rather than the police officer or the justice of the peace. This involves a factual determination that is supported by the record, to wit: the testimony of the appellant that he did not identify the weapon and in fact denied stabbing the deceased."); *see also Contreras v.* State, 312 SW3d 566, 574 (Tex. Crim. App.2010) (defendant's testimony about threats to arrest his wife sufficient to raise a factual dispute regarding the voluntariness of his confession, to be resolved by the jury).

[8]  *See* TEX. CODE CRIM. PROC. art. 11.07.

habeas corpus cases,[9] and (2) direct appeals in which a collateral conviction is being challenged.[10] We address each in turn.

### B. Article 11.07 habeas cases

There is at least one significant distinction between the posture of article 11.07 habeas cases and the article 11.072 habeas case before us.  In article 11.07 habeas cases, this Court is the ultimate finder of fact; the trial court's findings are not automatically binding upon us, although we usually accept them if they are supported by the record.[11]  In an article 11.072 habeas case, however, the trial judge is the sole finder of fact.[12]  There is less leeway in an article 11.072 context to disregard the findings of a trial court.  Because the court of appeals and this Court are truly appellate courts in the article 11.072 context,[13] it makes sense as a matter of logic that the *Guzman* standard would control.

But the specific article 11.07 cases relied upon by the court of appeals and by the State are distinguishable for other reasons.  In *Evans*, the habeas court recommended that relief be granted on

---

[9]  *See Evans*, *supra*; *Empey*, *supra*; *Ex parte Reed*, 610 S.W.2d 495 (Tex. Crim. App. 1981); *Ex parte Rocha*, 482 S.W.2d 169 (Tex. Crim. App. 1972); *Ex parte Young*, 479 S.W.2d 45 (Tex. Crim. App. 1972).

[10]  *See Maddox v. State*, 591 S.W.2d 898 (Tex. Crim. App. 1979); *White v. State*, 517 S.W.2d 543 (Tex. Crim. App. 1974); *Reeves v. State*, 500 S.W.2d 648 (Tex. Crim. App. 1973); *Perkins v. State*, 493 S.W.2d 851 (Tex. Crim. App. 1972).

[11]  *Ex parte Reed*, 271 S.W.3d 698, 727-28 (Tex. Crim. App. 2008).

[12]  *See* art. 11.072, §§ 7, 8 (trial court makes findings of fact and issues order granting or denying relief, with losing party being permitted to appeal).

[13]  *Contrast Reed*, 271 S.W.3d at 754 (Price, J., concurring) (Article 11.07 does not "relegate this Court to the status of an appellate court."  Instead, this Court is "vested . . . with original jurisdiction."  As "a matter of 'efficiency, effectiveness, and comity' it is usually the better practice to defer to the findings of the convicting court . . . [but] that deference is never absolute.")

Evans's time-credit claim.[14]  Evans's writ application was sworn to, but he did not testify.[15]  The habeas court's findings of fact made reference to certain documents from the Michigan Department of Corrections and the Harris County Sheriff's Office, but the documents were not included in the record.[16]  Furthermore, the record did not show what dates Evans was in custody or how much time credit he had already received.[17]  Because this information was missing, we remanded the case to develop the record.[18]  We did not deny relief—we simply declined to rule until the record was complete.  *Evans* is not concerned with the effect of sworn testimony. It stands instead for the proposition that sworn pleadings must be substantiated by the record in order for relief to be granted.

In *Empey* and *Rocha*, on the other hand, the habeas court recommended that relief be denied.[19]  The applicants in those cases were attempting to persuade us to grant relief despite the habeas courts' adverse recommendations.  The cases are not on point.

In *Reed*, the habeas court found that applicant had only "pro forma" representation from

---

[14]  964 S.W.2d at 645.

[15]  *Id.* at 648.

[16]  *Id.*

[17]  *Id.*

[18]  *Id.*

[19]  *Empey*, 757 S.W.2d at 773; *Rocha*, 482 S.W.2d at 170.  In *Empey*, the applicant contended that this Court should accept his sworn allegations that the plea agreement did not include a deadly-weapon finding because the "district attorney has not contested his sworn statements," but we explained that matters not expressly admitted by the State are deemed denied under article 11.07, § 2(b).  757 S.W.2d at 775.  In *Rocha*, the applicant testified that he was denied an appeal because his attorney told him to wait three years to file.  482 S.W.2d at 170.  We pointed out that the applicant's attorney had died, that eight years had passed since his conviction, and that the applicant had filed two previous applications without alleging the denial of appeal.  *Id.*

counsel.[20] There was no record support for this finding because the applicant's testimony was that he had no counsel at all.[21] Further, the judge who presided over the applicant's plea testified that he never accepted a guilty plea without counsel present, so there *was* record support for a finding that Reed had counsel.[22] The habeas court's finding that Reed had *pro forma* counsel was a record-supported finding that the applicant had an attorney, and that finding refuted applicant's specific allegation that he had no counsel at all.

In *Young*, the habeas court recommended that relief be granted on Young's claim that he was deprived of the right to appeal.[23] We declined to follow that recommendation, holding that Young had failed to sustain his burden of proof.[24] In arriving at our conclusion, we explained that there was a direct conflict between the Young's sworn pleadings and his live testimony and that he waited over eight years to advance his claim.[25] We also said that the facts and circumstances of the case could not be fully explored because some participants had died, and the lapse of time had erased the memories of others.[26] Although we said that we would not hold his conviction void solely on the basis of his testimony, our analysis was based on the fact that the record did not support (and in fact

---

[20] 610 S.W.2d at 500.

[21] *Id.*

[22] *Id.*

[23] 479 S.W.2d at 46.

[24] *Id.* at 47.

[25] *Id.* at 46.

[26] *Id.* at 47.

contradicted) Young's specific allegation and upon what we would now call "laches."[27]

## C. Direct Appeal Cases

In all of the direct appeal cases cited by the State, the defendant collaterally attacked a prior conviction in a new prosecution, the trial judge rejected the defendant's claims, and the defendant attempted to obtain relief on appeal.[28] The State has not pointed us to any direct-appeal cases holding a defendant's testimony to be insufficient when it was the defendant who prevailed at the trial level, and we are not aware of any. And in *Maddox*, we specifically noted the defendant's status as the losing party in saying, "The trial court was not obliged to accept his testimony."[29]

## D. Conclusion

Sworn pleadings provide an inadequate basis upon which to grant relief in habeas actions. It is beyond dispute, though, that relief may be granted on the basis of testimony that supports the pleadings, if that testimony is believed by the habeas court. There is no sound reason to hold this rule inapplicable if the witness is herself the habeas applicant. We hold that an applicant's live, sworn testimony can be a basis for upholding a trial court's decision to grant relief in an article 11.072 habeas proceeding. We do not decide whether appellee's testimony was in fact a sufficient basis for upholding the trial court's decision, nor do we decide the State's laches issue. Those are issues the court of appeals may address on remand. The judgment of the court of appeals is reversed and the case is remanded to that court for proceedings consistent with this opinion.

Delivered: September 14, 2011
Publish

---

[27] *See id.* at 46-47.

[28] *Maddox*, 591 S.W.2d at 903; *White*, 517 S.W.2d at 550; *Reeves*, 500 S.W.2d at 649; *Perkins*, 493 S.W.2d at 852.

[29] 591 S.W.2d at 903.