IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,296-02




EX PARTE CHARLES G. RUIZ, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1993CR0904 IN THE 175TH DISTRICT COURT
FROM BEXAR COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). A jury convicted Applicant of aggravated
sexual assault of a child and assessed a sentence of sixty-five years’ imprisonment. The conviction
and sentence were affirmed on direct appeal, and Applicant’s petition for discretionary review was
refused. Ruiz v. State, 04-94-00060-CR (Tex. App.—San Antonio Apr. 5, 1995).
            Applicant, through habeas counsel, alleges 128 claims of ineffective assistance of trial
counsel (IAC). He also complains in several issues that he was denied due process and a fair trial.
The claims were remanded to the trial court to hold a live evidentiary hearing, and the trial court
conducted the hearing in which Applicant, his trial counsel, and other witnesses testified. 
            After a review of the writ record, which includes a transcription of the writ hearing, and after
reviewing the record on appeal, which this Court obtained from the appellate court and which
includes a transcription of the testimony given at trial, the appellate briefs, and the district clerk’s
record, it appears to this Court that trial counsel was deficient in some respects when Applicant’s
case was tried in 1993. Applicant, however, fails to show that any of these deficiencies harmed him
at his trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). 
            The child testified that Applicant had sexually abused him, and Applicant and his wife, who
was the child’s mother, testified that the acts could not have occurred, giving their reasons. Trial
counsel questioned witnesses regarding motives the child’s biological father may have had to
convince the child to fabricate the allegations, and counsel argued, inter alia, that there was no
physical evidence suggesting that any sexual abuse had ever occurred. The credibility of the
witnesses was a matter for the jury to determine, and as evidenced by the guilty verdict, the jury
believed the testimony of the child and the prosecution’s witnesses and not Applicant and the
defense witnesses. See Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); Lafoon v. State,
543 S.W.2d 617 (Tex. Crim. App. 1976). 
            In presenting the 128 claims in the writ application and at the writ hearing, Applicant has
focused almost entirely on trial counsel’s deficiencies. He has failed, however, to demonstrate that
representation by a more competent trial counsel could have led to a different result, as to undermine
confidence in the jury’s verdict, and he has failed to show that he was denied a fair trial due to the
assistance of his trial counsel. See Strickland, supra. Further, Applicant’s delay in seeking relief from
his 1993 conviction has prejudiced the credibility of his claims, including his claim that he would
have accepted a plea offer if counsel had better explained it to him. See Ex parte Young, 479 S.W.2d
45, 46-7 (Tex. Crim. App. 1972); Lafler v. Cooper, 132 S.Ct. 1376 (2012). 
            This Court holds that Applicant’s IAC claims lack merit, and his remaining claims are
procedurally barred. See Strickland, supra; Ex parte Gardner, 959 S.W.2d 189, 198-200 (Tex. Crim.
App. 1996). After this Court’s independent review of the writ and appellate records, relief is denied.
 
Filed: November 27, 2013
Do not publish