74,669-03,04

March, 30, 2015

COURT CRIMINAL OF

APPEALS, AUSTIN, TEXAS.

Writ No. 74,669-03    Tr.Ct. No. 01-Cr 1711-83-2
Writ No. 74.669-04    Tr.Ct. No. 01-Cr 1712-83-2

Dear Clerk,
Please Find Enclosed "Applicant Objection to State Answer to
Application for pos. conviction writ of habeas corpus Application,
Please File and bring to the Attention of this honorable court.

yours truly,

JUAN ALBERTO DELEON #1157976

Address;
telford unit 3899 state Hwy 98
New Boston, texas 75570

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 09 2015
Abel Acosta, Clerk

WRIT No-74,669-03 and
wRIT No-74,669-04

JUAN ALBERTO DELEON          §       IN THE DISTRICT COURT OF GALVESTON
                             §
        VS.                  §       COUNTY,TEXAS 56Th JUDITIAL DISTRICT
                             §
STATE OF TEXAS               §
                             §

Applicant's Objection to Anwer to Application for Post- Conviction
Writ of Habeas corpus;

To the honorable judge of said court;
Comes now, JUAN ALBERTO DELEON Pro,se,Rebutt state response to
Application in the above cause numberd.
Applicant would show the court that there is Necessity Reason for a
fact-finding hearing as there is enough evidence in the Record to
show a conflict in the testimony and facts.
Applicant contends if this Court would consider the fact that
Applicant is only 5"4" tall, and not 5"7"to 5"8" tall the state use
False testimony as well as false Evidence in the booking of
the police Deparment,
Applicant contends that these issue in ground one never was Resolved
by the court, nor introduced as unsupported verdict. Applicant
Contends that there are many merits and violation of his Constitutional
Rights.
Applicant would show the following;(New Evidence)
                              I.
In this case, the New facts shows that there was a conflict in the
testimony and Evidence that was given to the jury, and state failed
to correct the false testimony,
which was the Applicant was 5"4"tall and Not 5"7 or 5"8" tall.
Applicant contends that state knowingly Utilizes perjurious testimony
To the jury. that Evidence affected the jury judgment.
see, Vol. 3, pege, 85, lines 1-25 and page 86-87, the Rules indicates
that a new trial should be ordered if there is any reasonable lik
lihood that false testimony could have affected judgment of the jury.
Violates the 14 Amendment,

                           page 1

Applicant contends that the prosecutor has a duty to correct perjurious testimony provided by state witness, Even if prosecutor has no actual knowledge of falsity of testimony, it is sufficient if Prosecutor should have known of perjury and falsify documents by the police Department booking date base,and seeing the Applicant knowing that Applicant was 5"4" tall,nad not 5*7"or5"8"tall. Applicant contends that these issues are New factual Allegations that needs some attending, and to be corrected.

Another error in was ineffective assistance of counsel, trial counsel failed to Demonstrate to the jury the true Height of the Applicant. The trial counsel perfor mance failed below Norms. it would have made a different outcome if Applicant was measured in the present of the jury to prove Applicant height.

this should bring a Question to the court, if counsel would ahve taken Applicant height and weight in front of the jury,would Applicant Have been convicted? would counsel have been effective as counsel.? Applicant contends that the defense was prejudice, because counsel done nothing to prove that Applicant was 5"4" and Not the suspect Or 5"7"to5"8" tall Applicant ask this Honorable court to order an Affidavit from the counsel that Representen Applicant to Explain Why Nothing was done to prove that Applicant was not the suspect and that Applicant was only 5"4" tall Applicant ask the court to order an affidavi' from the state in Regarding to the perjury testimony and false Document of the Booking Deparment of Galveston, T.X. ,and Why the perjury testimony was Not correct tha affected the judgment of the jury.?

Applicant object to the finding of fact and conclusionsof law Without evidentiary Hearing on Application forwrit of Habeas corpus; Applicant contends that court criminal Appeals is not bound by trial Court's findings and con dusion of law in state habeas courpus proceedings,but is obliged to determine if record developed supports Those findings, if Record will not support trial judge's conclusions, Court of criminal appeals may make contrary findings, but findings Should be considered if supported by Record, Art.11.07, Applicant contends that the state Nor trial Court did Not support their claim by Record to determine that my claim had no merits. Applicant proved his Burden by the Records with factuall Evidence

page 2

Allegations, see Exparte Russell, 73 ˢS.W.2d644 (1986), see, In exparte
Adams, 707S.W.'2d 646 (1983) and Exparte young, 479 S.W 2d 45(1972),
In Exparte Adams, Accordingly, this court is obligated to determine
if the Record developed supports the trialjudge's finding, if the
Record will not support the trial judge's conclusions, then this court
May make contrary findings. Applicant contends that a new trial must
be granted Because of the following:

1)Prosecutor failed to correct perjury testimony of the Booking Date
base information of the police Deparment stating the Appli ant was 5"8"
tall
2) Counsel failed to prove a motive that Applicant was only 5"4"tall
Applicant contends that he was Entitted to the favorable Evidence
toan Applicant upon request, which Violates due process Rights.
when the evidence is material, irespective of the good faith or bad
faith of the prosecution, see, Brady V. mary land 83 s.ctl194 (1963)


Prayer;
Appli ant prays tha this Honorable court Re onsider his petition
and Order the issue to be Resolved and Correct with Affidavit or
Evidentiary hearing, Applicant prays for Relief,

Certificate of service:
Applicant forward a true and correct copy of the above Document and
was served on the march 21, 2016 on the indigent