

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-15-00154-CR |
| EX PARTE: | § | Appeal from |
| ARTURO OCHOA-SALGADO | § | Criminal District Court No. 1 |
| | § | of El Paso County, Texas |
| | § | (TC # 20070D02674-DCR1-1) |
| | § | |

## **O P I N I O N**

This is an appeal of the denial of an application for writ of habeas corpus. In his sole point of error, Arturo Ochoa-Salgado contends that the trial court abused its discretion in finding that it properly admonished him of the immigration consequences of his guilty plea. For the reasons that follow, we affirm the judgment of the trial court.

### FACTUAL SUMMARY

Salgado was indicted for three counts of the state-jail felony offense of unlawful delivery of cocaine in an amount of less than one gram in cause number 20070D02674. On January 8, 2008, Salgado pleaded guilty to the offenses as charged, pursuant to a plea agreement with the State. Salgado signed a plea agreement form, entitled, "Court's Notice to Defendant of Rights, Written Admonishments, Waiver of Rights, Judicial Confession, and Plea Agreement." This plea agreement form informed Salgado that if he was not a citizen of the United States, his guilty

plea may have adverse immigration consequences. Salgado signed directly below the paragraph discussing the possible effects on citizenship and immigration status, indicating that he had read and understood the admonishment. Salgado next signed the part of the plea agreement form titled, "Acknowledgment and Waivers," in which he acknowledged and understood that: (1) if English was not his primary language, the document had been accurately translated for him into his native language in such a manner that he fully understood and had been made aware of all of his rights and consequences of waiving the same; (2) he had been made aware of the consequences of entering a plea of guilty to the charges; (3) he was not forced, coerced, threatened, or promised anything in return for entering a plea of guilty; (4) he was mentally competent to enter the plea of guilty; and (5) he fully understood the nature of the charges filed against him and was voluntarily, knowingly, and intelligently waiving his right to appeal. Eduardo Lerma represented Salgado during the plea proceedings. Lerma signed an "Acknowledgment of Counsel" form in which he attested to the trial court that he had explained to Salgado all of the rights to which he was entitled. Lerma further certified that Salgado: (1) was fully aware of the nature of the charges alleged in the indictment; (2) was competent to stand trial and able to communicate with Lerma and assist him in the preparation of his defense; (3) freely and voluntarily waived his rights; (4) understood the admonishments set forth in his plea agreement and the consequences of his plea; and (5) was fully aware of the terms of his plea agreement.

Salgado confirmed at his plea hearing that: (1) he signed the plea agreement form; (2) prior to signing the form, he had adequate time to consult with his attorney; (3) he was born in Ciudad Juarez, Mexico; (4) he was a legal resident of the United State; (5) he was working to obtain his GED; and (6) he understood the rights he would giving up by entering a guilty plea.

2

The trial court accepted Salgado's plea of guilty and assessed his punishment at four years' deferred adjudication community supervision. Salgado did not appeal the trial court's order placing him on deferred adjudication community supervision. According to Salgado, on May 20, 2013, the Department of Homeland Security (DHS) initiated removal proceedings against him in relation to the three drug offenses. On September 25, 2013, Salgado filed his application for writ of habeas corpus under article 11.072 of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 11.072 (West 2015). In his application, Salgado contended that his guilty plea was involuntary because the trial court failed to properly admonish him of the immigration consequences of his guilty plea pursuant to article 26.13 of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 26.13 (West Supp. 2015). Salgado further asserted that he did not understand the immigration consequences of his guilty plea and that the trial court should have "noticed [his] particular circumstances and must have determined that this decision was not an informed one." On March 26, 2015, the trial court entered findings of fact and conclusions of law denying Salgado relief.

## ADMONISHMENT OF IMMIGRATION CONSEQUENCES

In a single issue, Salgado complains that the trial court abused its discretion in finding that it properly admonished him of the immigration consequences of his guilty plea. We disagree.

To prevail upon a post-conviction writ of habeas corpus, Salgado bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex.Crim.App. 2002); *Ex parte Morrow*, 952 S.W.2d 530, 534 (Tex.Crim.App. 1997); *Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex.Crim.App. 1995); *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex.Crim.App. 1993); *Ex parte Adams*, 768 S.W.2d 281, 287-88

3

(Tex.Crim.App. 1989); *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex.Crim.App. 1985). An applicant's delay in seeking habeas corpus relief may prejudice the credibility of his claim. *Ex parte Young*, 479 S.W.2d 45, 46 (Tex.Crim.App. 1972). An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex.Crim.App. 2007). That is to say, as long as the trial court's ruling was at least within the zone of reasonable disagreement, the appellate court will not intercede. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990).

Additionally, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Ex parte Peterson*, 117 S.W.2d at 819 n.68. As the fact finder, the trial court may accept some, all, or none of a witness's testimony. *Id.* We afford almost total deference to a trial court's determination of historical facts that the record supports especially when such findings of fact are based on an evaluation of credibility and demeanor. *Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex.Crim.App. 2011), *citing Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). We afford the same level of deference to a trial court's ruling on application of law to fact questions, also known as mixed questions of law and fact, if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Ex parte Peterson*, 117 S.W.3d at 819. We review de novo those mixed questions of law and fact that do not depend on the evaluation of credibility and demeanor. *Id.*

A court shall not accept a plea of guilty unless the defendant enters the plea freely and voluntarily. TEX.CODE CRIM.PROC.ANN. art. 26.13(b). The record must therefore affirmatively establish that a defendant entered his guilty plea knowingly and voluntarily. *Fuller v. State*, 253

4

S.W.3d 220, 229 (Tex.Crim.App. 2008). When a trial court properly admonishes a defendant before he enters a plea of guilty, the admonishments constitute a *prima facie* showing that the plea was both knowing and voluntary. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)(a defendant who attests when he enters his plea of guilty that he understands the nature of his guilty plea and that it is voluntary has a heavy burden to prove in a subsequent hearing that he entered the plea involuntarily); *Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App. 1998); *Fielding v. State*, 266 S.W.3d 627, 636 (Tex.App.--El Paso 2008, pet. ref'd); *Diaz v. State*, No. 08-12-00108-CR, 2014 WL 3408404, at *2 (Tex.App.--El Paso Jul. 11, 2014, no pet.)(not designated for publication).

Article 26.13 requires a trial court to provide a defendant with certain admonishments before it accepts a plea of guilty or nolo contendere.[1] *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(1)-(5). A trial court's substantial compliance in admonishing a defendant as required by article 26.13 is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the trial court. TEX.CODE CRIM.PROC.ANN. art. 26.13(c); *Teel v. State*, No. 08-11-00220-CR, 2013 WL 1777286, at *1 (Tex.App.--El Paso Apr. 24, 2013, no pet.)(not designated for publication); *Alvarez v. State*, 63 S.W.3d 578, 581 (Tex.App.--Fort Worth 2001, no pet.).

A trial court may make oral or written admonishments. TEX.CODE CRIM.PROC.ANN. art. 26.13(d). A trial court providing a written admonishment to a defendant must receive a statement signed by the defendant and the defendant's attorney that the defendant understands

---

[1] Specifically, a trial court is required to advise a defendant who enters a plea of guilty of the following: (1) the range of punishment for the offense; (2) that, if there is a plea agreement, it is not binding on the trial court, and if the trial court ultimately rejects the plea agreement, the defendant may withdraw his plea of guilty; (3) that if the punishment assessed does not exceed the agreed punishment, the defendant must receive the permission of the trial court to appeal, except for matters raised by written pretrial motion; (4) the immigration consequences that may result from entering a guilty plea; and (5) the requirements, if any, to register as a sex offender. TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(1)-(5).

the admonitions and is aware of his plea. *Id.* When a trial court has provided a defendant with a written admonishment and has obtained the required signed statement from defendant and defendant's counsel, the trial court is not required to orally admonish the defendant. *Id.*; *Teel*, 2013 WL 1777286, at *1; *Scott v. State*, 86 S.W.3d 374, 375-76 (Tex.App.--Fort Worth 2002, no pet.).

The record includes the plea agreement form entitled "Court's Notice to Defendant of Rights, Written Admonishments, Waiver of Rights, Judicial Confession, and Plea Agreement." The plea agreement advised Salgado of his constitutional rights and included the admonishments required by Article 26.13. At the bottom of the first page which contained the admonitions regarding Salgado's constitutional rights and the effect of his guilty plea on citizenship and immigration status, Salgado signed indicating he had read the page and understood its contents. The next section addressed the charge against Salgado, the range of punishment, the punishment recommendation, and the impact on Salgado's right to appeal. Salgado placed his signature at the conclusion of the section acknowledging he had read this section and understood its contents. The following section addressed community supervision, deferred adjudication, and parole. Salgado again acknowledged he had read the section and understood the contents by placing his signature at the conclusion of the section. The plea agreement also included a section subtitled "Acknowledgment and Waivers" wherein Salgado acknowledged his various constitutional rights and waiver of them. Salgado signed at the conclusion reflecting that he had read the section, understood its contents, and had signed it for the stated purpose. Salgado also acknowledged in writing that he fully understood the nature of the charges against him, but he wished to avoid trial and plead guilty. The plea papers included Salgado's judicial confession. Lerma represented in writing that he had explained Salgado's rights to him, and he certified to

6

the trial court that Salgado was fully aware of the nature of the charges against him, he had advised Salgado of any possible defenses he might have, Salgado had freely and voluntarily waived his rights, and Salgado understood the admonishments set forth in the documents and was aware of the consequences of his guilty plea.

At the plea hearing, the trial court verified that Salgado had signed the plea papers and admonished him about the nature of the charge, the range of punishment, what would happen if the court decided not to follow the plea recommendation, and the impact of Salgado's guilty plea on his constitutional rights. Salgado indicated to the trial court he understood each of the admonishments. Lerma further represented that he had explained these matters to Salgado and believed Salgado was making a free, voluntary, and knowing waiver of his rights.

The record reflects that the trial court properly admonished Salgado in accordance with Article 26.13. This is *prima facie* evidence that Salgado entered a knowing and voluntary guilty plea; consequently, the burden shifted to Salgado to show he did not fully understand the consequences of his plea. *Martinez*, 981 S.W.2d at 197; *Fielding*, 266 S.W.3d at 636; *Diaz*, 2014 WL 3408404, at *2. There is nothing in the record supporting Salgado's assertion that he did not understand the admonishments or the consequences of his guilty plea, including any adverse immigration consequences. We overrule Issue One and affirm the judgment of the trial court.

August 24, 2016

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

7