

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-35,896-02

## EX PARTE RUDY GUTIERREZ, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR-5235-07-D(1) IN THE 206TH DISTRICT COURT
## FROM HIDALGO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to twenty years' imprisonment.

Applicant contends, among other things, that his plea was involuntary because he was misadvised regarding parole eligibility by his counsel. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court

shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel and involuntary plea.

Counsel has previously provided an affidavit in response to Applicant's claims, but additional information is needed. The initial affidavit states that counsel discussed parole eligibility with Applicant, but does not state specifically what he told Applicant. Counsel shall specifically state what advice he gave Applicant regarding the specific charge he was pleading guilty to. Counsel shall state whether he informed Applicant that he would be eligible for parole in two years pursuant to the charge and sentence as agreed to in the plea bargain agreement. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, the trial court shall determine whether Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall also make findings of fact and conclusions of law as to whether counsel advised Applicant that, if Applicant accepted the State's plea offer of twenty years, that he would only serve two years before becoming parole eligible. The trial court shall make a finding as to the materiality of counsel's advice as to parole eligibility. The trial court shall also make findings of fact and conclusions of law as to whether Applicant's delay in raising this claim affects Applicant's credibility regarding his assertion that his decision to enter a guilty plea was based on parole eligibility. *Ex parte Young,* 479 S.W.2d 45 (Tex. Crim. App. 1972). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and

appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 26, 2017
Do not publish