

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,340-01

### EX PARTE ANTONIO ARAGON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2003CR4482-W1 IN THE 144th DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*.  YEARY, J., not participating.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant was convicted of the offense of aggravated assault with a deadly weapon and sentenced to imprisonment for twenty years.  The Fourth Court of Appeals affirmed the conviction.  *Aragon v. State*, No. 04-03-00605-CR (Tex. App.—San Antonio Sept. 14, 2005) (not designated for publication).

Applicant alleges he was deprived of his right to pursue a *pro se* petition for discretionary review because counsel failed to advise him of the appellate court's decision and his right to pursue a petition for discretionary review on his own.  In response to Applicant's claim, the trial court

obtained an affidavit from counsel that states, in pertinent part:

> After a diligent search of my records I have been unable to locate my file pertaining to Mr. Aragon's case. It appears to have been lost or destroyed.
>
> I have no independent recollection of Mr. Aragon's case or the services I performed for him. I have reviewed Mr. Aragon's Writ Application and the Court's Case History but have not been able to remember my specific action done on Mr. Aragon's behalf. Although my normal practice was to notify a client in writing upon the Appellate Court's ruling I have no documentation or memory in Mr. Aragon's case.

The trial court recommends relief be granted in this case on the following basis:

> The Court finds that, because appellate counsel cannot recall with any amount of clarity whether he informed Applicant of the result of the direct appeal and the opportunity to file a petition for discretionary review, Applicant was deprived of an opportunity that he would have otherwise availed himself of had he been informed of his right to do so. . . .

These findings are not supported by the record.

First, the trial court finds that "Applicant was deprived of an opportunity that he would have otherwise availed himself of . . ," but it does not address the fact Applicant waited *eleven and a half years* to bring forward this claim.[1] The Court has recognized that delay on an applicant's part will affect his credibility. *Ex parte Young*, 479 S.W.2d 45 (Tex. Crim. App. 1972). Given the extreme delay in raising this claim, we do not find Applicant's statement that, but for the alleged deficiencies of counsel, he would have pursued a petition for discretionary review on his own to be credible.

Second, the trial court, after finding counsel's affidavit to be credible, merely acknowledges counsel's statement regarding his normal practice at the time of the alleged error set out in this application. A credible affidavit, such as the one filed by counsel, would generally support a denial

---

[1] Mandate issued on December 8, 2005.

in an long-delayed claim as in this case.[2]

Last, this Court has held laches applied, and denied relief, in situations where an applicant has raised a claim for an out-of-time appeal (and counsel filed an affidavit stating he could not remember the case). *Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014). And when an applicant has raised a claim for an out-of-time petition for discretionary review. *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). We find that Applicant's claim is also barred by laches.

Relief is denied.

Filed: October 18, 2017
Do not publish

---

[2] In support of his claim, Applicant alleges the record at the appellate court would show that counsel did not comply with TEX. R. APP. P. 48.4. However, that rule was not made effective until September 1, 2007. Therefore, the fact the appellate court's records do not show compliance does not support Applicant's claim in any way.