

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,346-01

### EX PARTE JOHN EDWARD CANTU, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. A-04-1023-S-W-1 IN THE 51st DISTRICT COURT
### FROM TOM GREEN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance with intent to deliver and sentenced to forty years' imprisonment. The Third Court of Appeals affirmed his conviction. *Cantu v. State*, No. 03-05-00660-CR (Tex. App.—Austin July 28, 2006) (not designated for publication).

After a review of the record, we agree with the trial court's recommendation to deny relief in Applicant's ground one. However, we disagree with the trial court's recommendation to grant Applicant an out-of-time petition for discretionary review in ground two. Mandate in this case

issued on December 14, 2006, and Applicant waited over eleven and a half years before filing this habeas corpus application with the district clerk. In order to be entitled to relief in an out-of-time petition for discretionary review claim, an applicant must show that, absent counsel's conduct, he would have timely filed a petition for discretionary review. *Ex parte Crow*, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005). Given the extreme delay in this case, any contention on Applicant's part that, but for counsel's errors, he would have timely filed a petition for discretionary review is not credible and we deny relief.[1]

Filed: March 6, 2019
Do not publish

---

[1] The Court has long recognized that delay on the applicant's part can prejudice his credibility. *Ex parte Young*, 479 S.W.2d 45, 46 (Tex. Crim. App. 1972).