

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-78,154-03

### EX PARTE EDDIE RAY SOSA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. A0775-3 IN THE 216TH DISTRICT COURT
### FROM KERR COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to three counts of aggravated assault and was sentenced to imprisonment. Applicant, through habeas counsel, filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his pleas were involuntary because trial counsel provided ineffective assistance. Applicant says he rejected a 20-year plea offer because counsel advised him "not to take the deal because he could get less time if Applicant went to trial." Applicant says he went to trial but "wanted to end the trial so that the alleged victim did not have to be cross-examined any further." Applicant says, "[t]he Judge informed Applicant that the only way the trial would end was if he pled

guilty so Applicant agreed. Applicant's attorney, even though given the option to by the Court, did not stop Applicant and advise him during his initial outburst. Trial counsel allowed Applicant to plead guilty when Applicant did not remember the events that occurred during the alleged offenses." Applicant also says that "[he] was showing obvious signs of mental illness." Applicant says he "thought the jury was going to assess his sentence but when the punishment phase began, it was just the Judge." Applicant alleges that, "had he been properly advised, he would have continued with his jury trial and had the jury assess his punishment."

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

The trial court shall make findings of fact and conclusions of law resolving the disputed factual issues. The trial court shall also make findings regarding Applicant's delay in seeking habeas relief. *See Carrio v. State*, 992 S.W.2d 486 (Tex. Crim. App. 1999); *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013); *Ex parte Young*, 479 S.W.2d 45 (Tex. Crim. App. 1972). The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.


Filed: September 7, 2022
Do not publish