

# In the Court of Criminal Appeals of Texas

No. WR-69,994-02

EX PARTE BENJAMIN JOHN SPENCER,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. W87-96524-T(B) in the 283rd District Court
From Dallas County

YEARY, J., filed a dissenting opinion, in which KELLER, P.J., joined.

This is a subsequent post-conviction application for writ of habeas corpus, brought under Article 11.07, Section 4, of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 11.07 § 4. It challenges Applicant's thirty-seven-year-old conviction, from 1988, for the offense

of aggravated robbery with a deadly weapon. Agreeing with the already "agreed" findings of the parties from the trial court, and without even mentioning that this is a *subsequent*—not an initial—writ application, the Court today grants relief on Applicant's claims of alleged false evidence and *Brady* violations. Majority Opinion at 1–2 (citing *Brady v. Maryland*, 373 U.S. 83 (1967)). But the Court's opinion fails to even mention, much less address, the Article 11.07, Section 4, bar for subsequent applications.

Applicant was convicted by a jury on March 28, 1988, and sentenced to life in prison. Sixteen years later, on September 22, 2004, he filed an initial application for the writ of habeas corpus with the District Clerk of Dallas County in which he complained that: (1) the State failed to disclose *Brady* evidence; (2) the State knowingly used false testimony against him; (3) his counsel was constitutionally ineffective; and (4) he was actually innocent. This initial application clearly suggested Applicant's concerns about the testimony of eyewitnesses Gladys Oliver, Jimmie Cotton, and Danny Edwards. *See* Applicant's Initial Writ Application, WR-69,994-01 (Sept. 22, 2004). It also demonstrates that, even then, Applicant was referencing an alternate suspect named Michael Hubbard. However, this Court denied relief in a published opinion. *Ex parte Spencer*, 337 S.W.3d 869 (Tex. Crim. App. 2011).

Later, in September of 2020, approximately thirty-two years after his 1988 conviction, and approximately nine years after this Court denied his initial application, Applicant filed this subsequent post-conviction application for the writ of habeas corpus with the District

Clerk of Dallas County. In this latest (subsequent) application, Applicant now complains that the testimony of witnesses Gladys Oliver, Jimmie Cotton, and Danny Edwards was false, and that new scientific evidence shows that it was impossible for the State's three eyewitnesses to have reliably identified Applicant at the time of the incident.

Presumably, the Court believes Applicant has satisfied the Section 4 bar to this subsequent application. But the Court says nothing about that question in its opinion, leaving how it reached that conclusion open to speculation. As for the district court, all it has to say about the matter is the following:

> Initially, the court finds that this writ application is a permissible subsequent application. The court finds that each of these grounds is based on a newly available legal theory and newly discovered evidence under Art. 11.07, Sections 4(a)(1) and (2) of the Texas Code of Criminal Procedure. The law provides grounds for a permissible subsequent writ application when the legal and factual bases for the applicant's claims were *unavailable* on the date the applicant filed his previous application. *See* Tex. Code Crim. Proc. Art. 11.07, Sections 4(b) and (c). In this case as discussed below, the legal and factual bases for his current claims were unavailable on the date Spencer filed his previous application, which he filed on September 22, 2004. The court, therefore, finds that these grounds are legally permissible as subsequent writ grounds.

Agreed Findings at 7–8. This paragraph may appear to address the issue, but it is utterly conclusory. It fails to analyze the truly relevant question, which is whether the claims Applicant makes in this subsequent application were "unavailable" in the sense that the "factual basis was not ascertainable through the exercise of reasonable diligence on or before" the date the former application was filed. TEX. CODE CRIM.

PROC. art. 11.07 § 4(c). In my view, the Court errs by failing to bring any scrutiny to bear on that question.

It is beyond dispute that, by the time Applicant's initial habeas application was filed, Applicant was already expressing concerns about the testimony of Gladys Oliver, Jimmy Cotton, and Danny Edwards. *See* Applicant's Initial Writ Application, WR-69,994-01 (Sept. 22, 2004). That first writ application was filed sixteen years after Applicant's 1988 conviction. Is it really the case that, in those sixteen years, in the exercise of "reasonable diligence," no one could have interviewed these witnesses and others to discover the facts presented to this Court in the present application?

And even beyond the bar found in Article 11.07, Section 4, the Court should have considered in its opinion whether Applicant's now thirty-seven-year-old claims should be barred by the doctrine of laches, because the passage of time since his conviction is so great. Even were it to find that the questions raised in the most recent, but subsequent, writ application are too important to impose a total bar on Applicant's claims, based on the age of this case, a greater degree of skepticism is warranted. *See Ex parte Smith*, 444 S.W.3d 661, 665 (Tex. Crim. App. 2014) (quoting *Ex parte Young*, 479 S.W.2d 45, 46 (Tex. Crim. App. 1972)) ("'While we do not desire to make an absolute rule concerning habeas corpus petitioners who do not assert their legal remedies promptly, we nevertheless feel that in some instances, a petitioner's delay in seeking relief can prejudice the credibility of his claim.'"). A lot of water, and a lot of memories and evidence, go under the proverbial bridge in thirty-seven years. The Court should bear that in mind and

address it before overturning such a longstanding judgment.

I respectfully dissent.

**FILED:**                                                    May 15, 2024
**DO NOT PUBLISH**