PD-0877-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/20/2015 10:37:36 AM
Accepted 8/20/2015 2:24:53 PM
ABEL ACOSTA
CLERK

No. PD-0877-15

# In the
# Court of Criminal Appeals
# of Texas

| | | |
|---|---|---|
| JOSÉ RICKY ESPINOZA | ) ( | PETITION FOR DISCRETIONARY |
| v. | ) ( | REVIEW FROM THE COURT OF |
| THE STATE OF TEXAS | ) ( | APPEALS, SECOND DISTRICT OF |
| | ) ( | TEXAS, NO. 02-15-00074-CR |

FILED IN
COURT OF CRIMINAL APPEALS

August 20, 2015

ABEL ACOSTA, CLERK

TODD GREENWOOD
SBN 24048111
ATTORNEY FOR APPELLANT
900 EIGHTH STREET
SUITE 716
WICHITA FALLS, TX 76301
toddgreenwood@lawyer.com

i

## IDENTITY OF PARTIES AND COUNSEL

Parties

José Ricky Espinoza - Appellant

The State of Texas

Counsel for Appellee

Matt Hall
Trial Counsel
Parker County Assistant County Attorney
118 West Columbia Street
Weatherford, TX

Natalie Barnett
Appellate counsel
Parker County Assistant County Attorney
118 W. Columbia St.
Weatherford, TX 76086

Counsel for Appellant

José Ricky Espinoza
*Pro se* at Trial

Todd Greenwood
Counsel on Appeal and for Discretionary Review
900 Eighth Street
Suite 716
Wichita Falls, Texas, 76301

# TABLE OF CONTENTS

Identity of Parties and Counsel.................................................................i

Table of Contents..............................................................................ii

Index of Authorities..........................................................................iv

Statement of the Case........................................................................1

Statement of the Procedural History.....................................................1

Statement of the Case........................................................................2

Ground for Review............................................................................3

**WHETHER *PADILLA* IS RENDERED MEANINGLESS BY 7.5-POINT FONT WAIVER OF COUNSEL BOILERPLATE BURIED WITHIN MULTIPLE FORMS WHICH STATES A PLEA MAY RESULT IN "DEPORTATION, EXCLUSION FROM ADMISSION INTO THE U.S. OR DENIAL OF NATURALIZATION."**

Argument.......................................................................................3

Conclusion and Prayer for Relief.........................................................12

Certificate of Compliance..................................................................12

Certificate of Mailing and Service.......................................................13

Appendices...................................................................................14

# INDEX OF AUTHORITIES

Cases:

*Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)......................................3, 4, 5

*Ex parte Garcia*, 353 SW 3d 785, 789 (Tex. Crim. App. 2011)....................8, 9

*State v. Guerrero*, 400 S.W.3d 576, 588-89 (Tex. Crim. App. 2013)..............8, 9

# STATEMENT OF THE CASE

Appellant, then a 19-years old and neither a permanent resident nor citizen (hereinafter "undocumented") was arrested for possession of K-2.[1] He was taken before Parker County Court at Law No. 1 for open docket call. He was presented with a stack of forms buried within which was a warning of potential immigration and naturalization consequences set forth as a 13th bullet on the 19th line of a page crowded with text and which appeared as follows:

"[I understand] · that if I am not a U .S. citizen. a plea of guilty or nolo contendre may result in deportation exclusion from admission into the U .S., or denial of naturalization."[2]

A similar warning was couched near the bottom of the State's omnibus "Waiver of Jury Trial, Waiver of Ten Days to Prepare for Trial, Court's Admonishment, Waiver of Presentence Report and Plea Agreement," a one-page form similarly crowded with waiver language employing seven-point-five font:

"Defendant understands that if he/she is not a U.S. Citizen, a plea of guilty or nolo contendre may result in deportation. exclusion from admission to the U .S.. or denial of naturalization."[3]

No counsel was appointed to advise Appellant of potential deportation and naturalization consequences which the warning and waiver purported to address.

---

[1] R.R. 2: 8-10
[2] R.R. 2: 1`4-15; R.R. 3: Ex. 1-2.
[3] *Id.*

1

This role, if performed at all, was taken on by judge and prosecutor. Neither was any record made of admonitions given Appellant nor representations by the State.

## STATEMENT OF PROCEDURAL HISTORY

Appellant was convicted and placed on community supervision for one count of Possession of a Controlled Substance Penalty Group 2-A Less Than or Equal to Two Ounces on October 28, 2013.[4] A Motion to Adjudicate was subsequently filed on June 2, 2014 and amended on August 15, 2014."[5] Appellant filed a writ of habeas corpus challenging the constitutionality of the conviction on December 8, 2014.[6] The trial court denied the writ on January 19, 2015.[7] The motion to adjudicate was dismissed on February19, 2015.[8] This appeal was subsequently taken on February 12, 2015. The appellate court declined briefing and affirmed the trial court on April 30, 2015.[9] Appellant subsequently filed motions for extension of time to seek rehearing and for rehearing which were granted on June 9, 2015 and denied on June 18, respectively. Appellant's motion to extend time to file this application for discretionary review was granted on July 18, 2015.

---

[4] C.R. Vol. 1 at 9.
[5] *Id.* at 17.
[6] *Id.* at 33.
[7] *Id.* at 55.
[8] Clerk's Supplement at 4,6.
[9] Appendix A.

2

## GROUND FOR REVIEW

WHETHER *PADILLA* IS RENDERED MEANINGLESS BY 7.5-POINT FONT WAIVER OF COUNSEL BOILERPLATE BURIED WITHIN MULTIPLE FORMS WHICH STATES A PLEA MAY RESULT IN "DEPORTATION, EXCLUSION FROM ADMISSION INTO THE U.S. OR DENIAL OF NATURALIZATION."

## ARGUMENT

In *Padilla v. Kentucky* the United States Supreme Court ruled that *"counsel must inform her client whether his plea carries a risk of deportation."*[10] As a result defense advocates nationwide now routinely research immigration law and consult with immigration specialists to ensure their clients are advised of specific risks of deportation and impacts upon naturalization which may accrue from a specific charge and its disposition.

**Counsel must be Present to Advise the Undocumented Accused.**

The *Padilla* court sensibly recognized that the consequence of a particular disposition of a case could have adverse effects to the non-citizen accused which, depending upon the case, might far exceed any court-ordered punishment. It is hard to conceive of a case which more aptly illustrates this point than that at bar. Appellant was arrested for possession of a substance which had only recently been

---

[10] 559 U.S. 356, 373 (2010) (emphasis added).

3

illegalized in Texas.[11] He possessed that substance in an amount comparable to that for the Class B misdemeanor for possession of marijuana, a charge which would have entailed *de minimus* considerations with regard to immigration consequences.[12]

It is probable no one present in the courtroom who was connected with Appellant's case knew a conviction for less than two ounces of K-2 would be treated any differently by the federal immigration law than a comparable amount of marijuana, let alone that it could result in deportation or bar naturalization. Even if the prosecutor or judge knew as much, it may not have been high on their list of priorities during a routinely hectic docket call. After all, looking out for the interests of the accused is the role of the defense advocate.

The *Padilla* court went to some length to make clear that *counsel* must be present to fulfill a function which transcends imparting specific information to the accused.[13] That is … providing counsel. Otherwise, presumably the plastic robot in *Elysium* that counsels Matt Damon would be sufficient to satisfy the Sixth Amendment and considerations of Due Process. More, the court made clear that *the mere fact of the presence of a defense advocate* may affect disposition of the

---

[11] C.R. 5-6.
[12] *Id.*
[13] 559 U.S. at 373.

4

case in a manner which could avoid deportation or naturalization consequences.[14]

Nonetheless, in the case at bar the trial court proceeded on the assumption that a two occurrences of bulletized phrase in 7.5-point font boilerplate buried in a stack of forms which was hardly legible even if one knew to look for it somehow adequately advised Appellant of the potential consequences of entering into a plea.[15] The appellate court has gone to great length in its opinion to express its agreement. The stuffing was in the turkey, however buried or hard to read.

Except it was not. Even had this language had been in 48-point bold Comic Sans MS it would have neither taken account of the specific charge Appellant faced nor the specific potential consequences which might have accrued from a particular disposition. Moreover, whatever admonition the trial court judge may have provided to Appellant cannot be verified given no record was made of the hearing. It is not enough to parrot the language that deportation, exclusion or frustration of naturalization may be the result of a guilty plea.[16] This is patently not providing counsel to the criminal accused.

**Waiver of Counsel in a *Padilla* Case is Different.**

*Padilla* makes clear that the undocumented criminal accused is distinct from

---

[14] *Id.*

[15] Appendix B.

[16] 559 U.S. at 373.

the United States citizen who faces criminal charges due to the potential consequences resulting from the disposition of the case. It then follows that trial courts bear the responsibility to ensure that the indigent undocumented criminal accused receives access to counsel and that the appointed attorney provides counsel to his client.

If counsel is to be waived – and it seems doubtful that *Padilla* contemplates waiver of counsel given the nature of the particular risks in these cases that cry out for counsel – then surely that waiver must be extraordinary in its rendition. If the *court* is to fulfill the role of the defense advocate envisioned by *Padilla* then the record should reflect that the accused was advised of the specific consequences of the possible dispositions of the particular charge he faced.

In this case the judge claimed at the writ hearing that he thoroughly admonished Appellant regarding his waiver of counsel.[17] No record was made to demonstrate that. However, the judge's reiteration at the writ hearing of the nature of admonitions given at the time the plea was entered demonstrate that he did not provide counsel which took into account the specific facts of the charges faced by the accused, the specific potential consequences carried by such a charge and the individual context of the accused's immigration status.

Nothing less could possibly satisfy the mandate of *Padilla*. A

---

[17] R.R. 2: 10.

constitutionally-sufficient waiver form would presumably require drafting in considerable detail, presumably by the prosecutor, on a case-by-case basis and no doubt work a considerable additional burden to the court with regard to considerations of judicial efficiency.

Again, the undocumented indigent criminal accused is to be appointed counsel regarding the potential immigration and naturalization consequences of entering into a plea. It follows from the holding in *Padilla.* It is just common sense.

### The Bases of Disposition by the Appellate Court Avoid the Constitutional Issues Present in the Writ.

First, sworn pleadings presumably need only be supplemented with live testimony when such testimony would establish some fact upon which the writ relies. The holding in *Ex parte Garcia* makes clear this proposition in its discussion of the cases upon which the opinion relies.[18] In the instant case the warning and waiver employed by the trial court is on its face invalid. No conceivable indigent criminal defendant who potentially faces immigration and/or naturalization consequences as a result of a particular disposition in Parker County Court at Law No. 1 can be reasonably said to have received counsel with regard to

---

[18] 353 SW 3d 785, 789 (Tex. Crim. App. 2011).

those consequences.

Appellant's status as citizen or non-citizen resident is a matter of public record that does not require his testimony to establish and can readily be verified. The court became aware of it at the time of his plea. The trial court judge's purported thorough admonishment of Appellant of the fact that a plea could result in immigration consequences itself demonstrates this matter was before the court.[19]

More significantly, had Appellant taken the stand at the writ hearing the record of that testimony could potentially have been used against him in future court proceedings whether criminal or civil, state or federal, pertaining to the underlying charge or a prospective immigration law matter. A requirement that similarly situated criminal accused do so would seem to be a clear disincentive to the assertion of their right to counsel which would undermine *Padilla* and generally discourage the assertion of fundamental rights.

Further, both Appellant's writ and motion for rehearing were sworn, as required by law. Sworn pleadings have long been sufficient to establish their contents for the purpose of hearings on writs of habeas corpus, to include in *Padilla* writ hearings.[20] Consequently, this Court should reject as unconstitutional the interpretation the opinion urges of *Ex Parte Garcia* that live testimony must be had in lieu of sworn testimony regardless of potential consequences to petitioners

---

[19] R.R. 2:10.

[20] *State v. Guerrero*, 400 S.W.3d 576, 588-89 (Tex. Crim. App. 2013).

8

such as criminal and/or civil penalties or liability.

Second, the appellate court misconstrued the holding in *State v. Guerrero*.[21] It is true this Court observed in that case that the petitioner's undocumented status made him subject to deportation regardless of the outcome of his criminal case.[22] However, this Court's holding in that case clearly turned on fact that Guerrero had been convicted some years prior and *Padilla* did not apply retroactively.[23]

Even were retroactivity not at issue, the lack of a legal basis to be present in the United States does not necessarily subject an individual to deportation or bar naturalization. This is was true even before the passage of the executive orders of 2014-15 specifically addressing these issues. The *Padilla* guarantee to counsel cannot be made to depend upon the particulars of immigration status at the time of the adjudication. State criminal courts are not suited to this analysis particularly given those particulars are a moving target.

Third, Appellant cannot very well be penalized for not invoking law supporting his position which is specific to the issue of his constitutional right to counsel regarding immigration consequences *and* the sufficiency of a waiver of counsel. The paucity of black-letter law in this area is testament to the fact that there is a built-in disincentive to the undocumented criminal accused to assert her

---

[21] 400 S.W.3d at 588-89.
[22] *Id.*
[23] *Id.* at 588.

9

or his rights. For example, as where appellate courts require the accused to take the stand to establish undocumented status, exposing themselves to unknown consequences, *merely to assert their right to counsel.* This lack of clear guidance also underscores the need for this Court to dispose of this matter on its constitutional merits rather than some procedural basis.

Finally, the inadequate nature of the warning and waiver regarding potential immigration consequences in this case is manifest. The appellate court devotes two pages of its opinion setting out the particulars of the waiver.[24] This waiver was a separate page in the stack of documents Appellant was presented with and distinct from the warning regarding immigration and naturalization consequences.

Both are effectively illegible. Both are in 7.5-point font and couched in and among language on other matters regarding waiver of rights and the entry of the plea. The only thing their appearance clearly demonstrates is that Parker County Court No. 1 and/or the Office of the County Attorney are either attempting to economize on paper by drafting constitutional waivers in 7.5-point font language and cramming it all on a single page and/or they are not particularly in having them legible. Again, these forms were presented to Appellant in the context of a plea hearing at which no record was made.

Additionally, the appellate court's treatment of the waiver of counsel form is

---

[24] Appendix A at 5-7.

a red herring. The problem is not that Appellant was not advised that waiving counsel generally carried with it risk but those aspects of that risk specific to immigration and naturalization. The opinion's two-page treatment of the waiver addresses everything but what mattered; the single line of seven-point font that stated:

"Defendant understands that if he/she is not a U.S. Citizen, a plea of guilty or nolo contendre may result in deportation, exclusion from admission to the U.S., or denial of naturalization."[25]

## CONCLUSION AND PRAYER

This case has profound implications both for the future of this young man and his family and the rights to counsel and due process of a class of persons living in the United States who are too often treated by our formal institutions much as African Americans were in the 1830s. The waiver of counsel and warning of immigration and naturalization consequences employed by the trial court in this case are an affront to the principles that constitutional rights must be freely, voluntarily and knowingly waived and that the criminal accused must be counselled as to deportation and naturalization consequences. Consequently, this case should not be disposed of on some procedural basis. Rather this Court should decide this matter squarely on its constitutional bases. For these reasons Appellant asks that his application be granted, allowing briefing and oral argument so that

---

[25] *Id.*

11

this honorable Court may provide clear guidance to the courts and practitioners.

Respectfully submitted,

/s/ Todd Greenwood
Todd Greenwood
Attorney for Appellant
State Bar No. 24048111
900 Eighth Street
Suite 716
Wichita Falls, Texas 76301
Tel. / Fax: (940) 689-0707

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4(i), the undersigned certifies that this brief complies with the type-volume limitations.

1. Exclusive of the exempted portions, this brief contains 2, 409 words. I am relying on the word count function of Microsoft Word.

2. This brief has been prepared in proportionately spaced typeface using Microsoft Word in Times New Roman, 14 pt. font except for footnotes which are in 12 pt. font and the cover, table of contents, and index of authorities which are in 14 pt. Times New Roman.

3. If the Court requests, the undersigned will provide a print version of the brief and/or copy of the word or line printout.

4. The undersigned understands a material misrepresentation in completing this certificate, or circumvention, of the type-volume limits, may result in the Court's

striking the brief and imposing sanctions against the person signing the brief.

Respectfully submitted,

/s/ Todd Greenwood
Todd Greenwood

## CERTIFICATE OF MAILING AND SERVICE

On the 19th day of August 2015, a copy of the foregoing document was served upon opposing counsel, Natalie Barnett at the Parker County Attorney's Office; 118 W. Columbia St.; Weatherford, TX 76086 as well as on the State Prosecuting Attorney at P.O. Box 13046; Capitol Station; Austin, Texas 78711.

/s/ Todd Greenwood
Todd Greenwood

# Exhibit A



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00074-CR

Ex parte Angel Ricky Espinoza a/k/a Jose Ricky Angel Espinoza

§   From County Court at Law No. 1

§   of Parker County (CIV-14-0999)

§   April 30, 2015

§   Opinion by Chief Justice Livingston

§   (nfp)

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's order. It is ordered that the order of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By  /s/ Terrie Livingston         .
      Chief Justice Terrie Livingston



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00074-CR

EX PARTE ANGEL RICKY
ESPINOZA A/K/A JOSE RICKY
ANGEL ESPINOZA

----------

FROM COUNTY COURT AT LAW NO. 1 OF PARKER COUNTY
TRIAL COURT NO. CIV-14-0999

----------

## MEMORANDUM OPINION[1]

----------

Angel Ricky Espinoza a/k/a Jose Ricky Angel Espinoza appeals from a trial court order denying his pretrial application for writ of habeas corpus.[2] We affirm.

----

[1]See Tex. R. App. P. 47.4.

[2]We note that the trial court clerk has assigned this application a separate, civil cause number even though this is an application under section 11.072 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 11.072, § 4(b) (West Supp. 2014) ("At the time the application is filed, the clerk of the court shall assign the case a file number ancillary to that of the judgment of conviction or

As part of a plea bargain, appellant pled guilty to misdemeanor possession of a controlled substance. The trial court followed the agreed-upon punishment and assessed appellant's sentence at 180 days' confinement, probated for one year. After the State filed a motion to revoke appellant's community supervision, he filed this application for writ of habeas corpus, alleging that the written waiver of counsel he signed during the plea bargaining process was ineffective because he was not first admonished of immigration consequences specific to the offense in accordance with the reasoning of *Padilla*.[3] *Padilla v. Kentucky*, 559 U.S. 356, 373–74, 130 S. Ct. 1473, 1486–87 (2010). Appellant argued at the hearing on the application that because he is not a United States citizen, *Padilla* required the trial court to appoint counsel to advise him of the potential immigration

order being challenged."). Accordingly, we have assigned a criminal cause number to this case.

[3]Appellant argued in his application,

The United States Supreme Court has held that "*counsel* must inform her client whether his plea carries a risk of deportation" in case[s] in which the criminal accused is not a citizen of the United States and therefore potentially subject to deportation as a result of disposition of the criminal charge by the court. The *Padilla* court in no way indicated neither does it appear colorably arguable the court intended to imply that a waiver is sufficient to meet the requirements of the Constitution where informs the criminal accused that a plea may or will carry the risk of deportation. Additionally, the waiver utilized in this case, besides being in eight or nine point font, was not specific to immigration consequences which might result from the plea. In fact, it appears that such consequences are mentioned nowhere in the waiver. [Citation omitted.]

2

consequences of the plea in order for his waiver of counsel to be knowing, intelligent, and voluntary.

After a hearing, the trial court denied appellant's application. In its order denying relief, the trial court found that the waiver of counsel that appellant signed in connection with the plea bargain "required [him] to understand that if he . . . is not a U.S. Citizen, a ple[a] of guilty or nolo contendere may result in deportation, exclusion from admission [to the] U.S., or denial of naturalization," and that before accepting appellant's plea, the trial court "ascertained that [appellant] had been admonished of his rights, and that [appellant] demonstrated an understanding of" the waiver, including its consequences. The trial court also found that appellant knowingly executed the waiver and agreed to the plea bargain. Thus, the trial court concluded that appellant freely, knowingly and voluntarily (1) waived his right to an attorney, (2) waived his right to apply for a court-appointed attorney, and (3) entered his plea.

We review a trial court's ruling on a habeas corpus application for abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1052 (2006). The trial court's application of the law to undisputed facts is reviewed de novo. *Ex parte Roberts*, 409 S.W.3d 759, 762 (Tex. App.—San Antonio 2013, no pet.). A defendant's sworn representation that his or her waiver of counsel and guilty plea are knowing, intelligent, and voluntary "constitute[s] a formidable barrier in any subsequent collateral proceedings." *Kniatt*, 206 S.W.3d at 664.

3

Although counsel referred to the status of similar persons in appellant's situation as "undocumented" and argued in the application that the impact on appellant is that he "may now face deportation and loss of the ability to re-enter the United States and to ever . . . gain legal permanent residency or citizenship,"[4] appellant provided no testimony regarding the nature of his noncitizen status. *See Ex parte Garcia*, 353 S.W.3d 785, 789 (Tex. Crim. App. 2011) ("Sworn pleadings provide an inadequate basis upon which to grant relief in habeas actions."). If, at the time of his plea and waiver of counsel, he was not present in the United States legally, then his plea or waiver of counsel could not be considered involuntary for the failure to inform him of immigration consequences specific to the charged offense, regardless of the applicability of *Padilla*. *Cf. State v. Guerrero*, 400 S.W.3d 576, 588–89 (Tex. Crim. App. 2013) ("Unlike Jose Padilla, appellee was an undocumented immigrant and was deportable for that reason alone, both in 1998 and today. Had appellee gone to trial with counsel and been acquitted he would not have been transformed into a legal resident. He could have been deported immediately after walking out of the criminal courthouse. The prospect of removal therefore could not reasonably have affected his decision to waive counsel and plead guilty." (footnotes omitted)).

If, instead, appellant had legal noncitizen status at the time of his plea, he has cited no law applying *Padilla*—a case deciding the extent of an attorney's

---

[4]Appellant also asserted in indigency filings that he did not have a social security number or identification card and, thus, could not work.

4

duty to his or client—to waivers of the right to counsel. *See U.S. v. Kabore*, No. 1:13-CR-217-ODE, 2014 WL 2809870, at *6 (N.D. Ga. June 19, 2014) (order) (holding that because applicant waived counsel in underlying state proceeding, *Padilla* is inapplicable). To do so would elevate the consideration of consequences of negative immigration status over other negative consequences that could occur when a defendant elects to waive the right to counsel. *See U.S. v. Ruiz*, 536 U.S. 622, 629, 122 S. Ct. 2450, 2455 (2002) ("[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it."); *cf. Guerrero*, 400 S.W.3d at 589 (noting that court of criminal appeals has repeatedly held that article 26.13 statutory admonishments are not required in misdemeanor cases).

The State introduced as evidence a signed "Waiver of Lawyer and Request to Proceed Pro Se," which informed appellant of his right to be represented by a lawyer and to have a lawyer inform him of his "rights to a trial by jury and . . . other rights." The waiver also contained six detailed recitals, among them the following: "if I am not a U.S. citizen, a plea of guilty or nolo contend[e]re may result in deportation, exclusion from admission into the U.S., or denial of naturalization." The waiver further informed appellant that proceeding without counsel could lead to loss of any defenses, waiver of the right to complain about technical errors, and waiver of the right to—and ability to

5

complain on appeal about the lack of—effective assistance of counsel.  Finally, the waiver concludes,

> I have been advised by the Court of my right to representation by counsel in the trial of the charge pending against me.  I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge.  I acknowledge that I am an adult, have lived independent of my parents, have sufficient knowledge and education to understand what I am reading or ask question[s] about portions I do not understand and have no learning difficulties that impede day-to-day living.  I will immediately let the judge know of any misunderstandings or questions I have about the information contained on either side of this document.

> I have read and understand the foregoing as well as the other side of this paper.  The court has this date admonished me of the foregoing rights.  I waive arraignment by this court.  I waive my right to a lawyer in this case and request the court to proceed with my case without a lawyer being appointed for me.  I waive my right to counsel.

Underneath appellant's signature is the following recital, signed by the trial judge: "Defendant was admonished, demonstrated an understanding of the above . . . consequences of the waivers set forth herein and knowingly made such waivers of plea of guilty/nolo contend[e]re."  There is no evidence in the record that appellant did not understand or could not read English.[5]

Based on the foregoing, we conclude and hold that appellant did not meet his burden of defeating the presumption that the recitals in the written judgment are correct and, therefore, that the trial court did not abuse its discretion by

---

[5]Appellant's counsel asserted in the application that appellant had been living in the United States since he was between four and six months old.

denying relief.  *See Guerrero*, 400 S.W.3d at 583, 589.  We affirm the trial court's pretrial order.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 30, 2015

# Exhibit B

CAUSE NO. <u>CCL1-13-0555</u>

| THE STATE OF TEXAS | IN THE COUNTY COURT AT LAW NO. 1 |
|---|---|
| VS. | OF |
| <u>ANGEL RICKY ESPINOZA</u>, DEFENDANT | PARKER COUNTY, TEXAS |

## WAIVER OF LAWYER AND REQUEST TO PROCEED PRO SE

I am <u>ANGEL RICKY ESPINOZA</u> who is charged with <u>POSS CS PG 2-A <= 2OZ</u> in the above cause. I understand that I have the following rights:
- to have arraignment by this court (be advised of the charges, range of punishment, and my rights)
- to have a trial by jury;
- to be represented by a lawyer chosen by me;
- to have a lawyer appointed for me if I cannot afford one;
- to have a lawyer inform me of my rights to a trial by jury and my other rights;
- to continue to represent myself; and
- to have ten days after appointment of any lawyer before entering a plea.

I understand:
- the nature of the charge against me and the range of punishment for the charge;
- that upon a plea of guilty or nolo contendre with a written, signed waiver of a jury, the court may assess punishment at its own discretion;
- that proceeding without a lawyer could result in a conviction or more severe punishment than may have resulted had I been represented by a lawyer
- I may withdraw my waiver of counsel, under certain conditions;
- that if I receive deferred adjudication, on violation of a condition of probation I may be arrested and detained. Also I am entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation and any appeal continue as if the adjudication of guilt had not been deferred. The court may assess punishment anywhere within the range provided by the law for this offense; and
- that if I am not a U.S. citizen, a plea of guilty or nolo contendre may result in deportation, exclusion from admission into the U.S., or denial of naturalization.

You May Be Making a Big Mistake, and the following will explain why:
- A. You will receive no special favors or assistance from the bench;
- B. You will be expected to comply with all relevant rules and procedure;
- C. Your right to self-representation is not a license to abuse the dignity of the courtroom or to get favorable treatment;
- D. The Court may, and will, terminate your self-representation should you deliberately engage in obstructionist or other serious misconduct;
- E. If the Court wishes, standby counsel will be appointed in order to represent you in the event termination of your self-representation becomes necessary, or to aid you if and when help is requested; you have no standing to object to such appointment; and
- F. If choosing self-representation, you will relinquish the traditional benefits associated with having a lawyer represent you
    - 1. In all but an extraordinarily small number of cases, an accused who undertakes self-representation will lose whatever defense he may have;
    - 2. You may give up the right to complain of any technical errors in your case;
    - 3. Your lack of evidentiary knowledge and experience will necessarily lead to waiver of errors in the admission and exclusion of evidence;
    - 4. You may thus be convicted upon incompetent, irrelevant or otherwise inadmissible evidence;
    - 5. You face the danger of conviction, though you be not guilty as a matter of law, because you do not know how to establish reasonable doubt that you are guilty;
    - 6. You specifically forego the right to the effective assistance of counsel, and, may not be heard later to complain on this ground;
    - 7. In the sense that assistance of counsel is essential to a fair trial and due process of law, you likewise relinquish those guarantees; and
    - 8. Other benefits such as selection of an impartial jury, a fair final argument by the State, errorless instructions to the jury including any defensive issued.

I have been advised by the Court of my right to representation by counsel in the trial of the charge pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge. I acknowledge that I am an adult, have lived independent of my parents, have sufficient knowledge and education to understand what I am reading or ask question about portions I do not understand and have no learning difficulties that impede day-to-day living. I will immediately let the judge know of any misunderstandings or questions I have about the information contained on either side of this document.

I have read and understand the foregoing as well as the other side of this paper. The court has this date admonished me of the foregoing rights. I waive arraignment by this court. I waive my right to a lawyer in this case and request the court to proceed with my case without a lawyer being appointed for me. I waive my right to counsel.

<u>_/s/ Angel Espinoza_</u>
Defendants Signature

<u>10-28-13</u>

## WAIVER OF JURY

I understand that I have a right to have a trial before a jury and to have a jury determine if I am guilty or not, and if the jury should find me guilty; then to have the jury determine the amount of punishment I should receive. Knowing said rights, I give up the right to be tried before a jury.
    Wherefore, I do hereby enter my plea to the charge filed against me in this case; and I request the Court accept my plea of guilty and proceed to assess punishment and to sentence me in accordance with the law.

<u>_/s/ Angel Espinoza_</u>
Defendants Signature

<u>10-28-13</u>

Defendant was admonished, demonstrated an understanding of the consequences of the waivers set forth herein and knowingly made such waivers of plea of guilty/nolo contendre.

<u>_/s/ Jerry Buckner_</u>
Judge Presiding

RECEIVED AND FILED
FOR RECORD A____M.
AT 11 O'CLOCK

OCT 28 2013     10-28-13

Jeane Brunson, Co. Clerk
PARKER COUNTY, TEXAS
By_____ Deputy

State

EXHIBIT NO. _2_

DATE: 1/2/15 RPTR: JT

3/2

CAUSE NO. *CCL1-13-0555*

| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS. | § | AT LAW NO. 1 OF |
| Angel Ricky Espinoza | § | PARKER COUNTY, TEXAS |
| AKA Jose Ricky Angel Espinoza | | |

State

EXHIBIT NO. 1

DATE: 1/20/15    RPTR: JT

## WAIVER OF JURY TRIAL, WAIVER OF TEN DAYS TO PREPARE FOR TRIAL COURT'S ADMONISHMENTS, WAIVER OF PRESENTENCE REPORT AND PLEA AGREEMENT

COMES NOW, the Defendant, joined by his/her attorney and the Attorney for the State in the above-styled and numbered cause, waives his/her right to a trial and his/her right to a trial by jury, as to both guilt and innocence and also as to punishment, and to confront his/her accusers, and if applicable, waives the ten (10) days allowed him/her to prepare for trial. The Defendant and the State hereby enter an announcement of ready in this cause.

The plea recommendation set forth below is agreed to by the Defendant, his/her attorney and the State's attorney, as evidenced by their respective signatures below. The Defendant understands that the recommendation is not binding on the Court and if he/she pleads guilty and the punishment assessed by the Court does not exceed the punishment recommended, an appeal herein may be prosecuted only with the permission of the trial court. Rejection of the plea recommendation will allow Defendant to withdraw his/her plea of guilty or nolo contendere. All written motions on file are hereby waived.

Defendant acknowledges that he/she is aware of the full range of punishment provided by law for this offense.

If Defendant has not been previously arraigned in this cause, Defendant waives arraignment at this time.

If the plea recommendation is for deferred adjudication community supervision, the Defendant is hereby informed that on violation of a condition of community supervision the Defendant may be arrested and detained. Defendant is entitled to a hearing limited to the determination by the Court of whether it proceeds with an adjudication of guilt on the original charge. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and Defendant's appeal continue as if the adjudication of guilt had not been deferred. The Court may assess punishment anywhere within the range provided by law for this offense.

Defendant understands that if he/she is not a U.S. Citizen, a plea of guilty or nolo contendere may result in deportation, exclusion from admission to the U.S., or denial of naturalization.

The Defendant waives a pre-sentence report and his/her right to have an alcohol evaluation performed prior to sentencing. Defendant acknowledges his/her signature below is made freely and voluntarily and that he/she understands the content of this document and it's effect.

Counsel acknowledges explaining this document to Defendant and that it is counsel's belief that Defendant understands the same.

PLEA RECOMMENDATION _____ OR OPEN PLEA TO COURT _____

OFFENSE CHARGED: Poss CS PG 2-A <= 2oz _____ (CLASS B)

RANGE OF PUNISHMENT: A fine not to exceed $2,000.00, a jail term not to exceed 180 days, or both, 24 – 100 hours of community service + court costs.

AGREED RECOMMENDATION: 300 + cc + 180/12 + 40 hrs CS + DoEP + RUA's

| _____ | _____ |
| DEFENDANT | DEFENDANT'S ATTORNEY |

| _____ | _____ |
| STATE'S ATTORNEY | DATE |

Defendant was admonished and demonstrated an understanding of the above, the waivers set forth herein and knowingly made such waivers and plea of guilty/nolo _____

| _____ | 10-28-13 |
| JUDGE PRESIDING | DATE |

RECEIVED AND FILED FOR RECORD ____ O'clock ____ M

OCT 28 2013

Jeane Brunson, Co. Clerk
PARKER COUNTY, TEXAS
By_____ Deputy