COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



EX PARTE:  ANNA KNELSEN

§   No. 08-13-00013-CR

§   Appeal from

§   Criminal District Court No. 1

§   of El Paso County, Texas

§   (TC # 20060D02425-DCR1-1)

## CORRECTED OPINION

The State of Texas appeals from an order granting Anna Knelsen's petition for writ of habeas corpus.  *See* TEX.CODE CRIM.PROC.ANN. art. 11.072 (West 2015).  We reverse and render judgment denying the writ of habeas corpus.  Knelsen's conviction is reinstated.

## FACTUAL SUMMARY

On April 30, 2006, Anna Knelsen, a permanent resident alien, and her husband, Johan Knelsen, were entering the United States through the Bridge of Americas port of entry in El Paso County, Texas.[1]  Immigration and Customs Enforcement searched the Knelsens' vehicle and found more than thirty pounds of marihuana hidden inside of the spare tire.  An El Paso County grand jury indicted Knelsen for possessing more than five but less than fifty pounds of marihuana, a third-degree felony.  Peter Giovannini represented both of the Knelsens and each of them entered a guilty plea on June 1, 2006 during the same hearing.  The trial judge, Sam

---

[1]  The opinion will refer to the two defendants collectively as the Knelsens, to Anna Knelsen as Knelsen, and to Johan Knelsen as Johan.

Paxson, advised the Knelsens that no one expected the Knelsens to plead guilty unless they were guilty, and each of them had an absolute right to plead not guilty and to have the case heard by a jury. The following exchange occurred when Judge Paxson asked Knelsen whether she pled guilty or not guilty to the charge offense:

[Knelsen]: Not guilty.

[The Court]: Huh?

[Knelsen]: Not guilty.

[The Court]: Not guilty?

[Defense counsel]: Your Honor, we've made an agreement. We amended that plea with [the prosecutor] to allow for time served, and basically she's -- was that --

[The prosecutor]: No, no. She's still pleading guilty -- that was the plea agreement. She's still pleading guilty to six foreign national, but I took off the days as a condition of her probation. But she's entered a 'not guilty' plea, so --

[Defense counsel]: Your Honor, actually, that's correct. She entered a 'no con' --

[The Court]: You have to talk to her. She's entering the plea.

[Defense counsel]: Correct, Your Honor. She's -- it's been explained to her, Your Honor. Can she enter a 'no contest' plea, Your Honor, in this court? This is my first time in Impact Court, Your Honor; but, if that's okay with Mr. Duke.

[The Court]: Well, I would normally say 'yes,' except she's already said 'not guilty;' so, I have to have her say that she's guilty, you know. And I won't accept a no --

[Defense counsel]: She understands, Your Honor. She's going to.

Knelsen then entered a plea of guilty and the trial court placed her under oath. When the court asked Knelsen whether she possessed marihuana on April 30, 2006, she replied: "Well, I

didn't know about it, but, yeah. Yes, yes." The following exchange then occurred:

[The Court]: You had marijuana? Okay. Now, ma'am, I don't want to accept the plea if you're not guilty. Do you understand that? You have a right to go to trial; okay? Now, how old are you again?

[Knelsen]: 54.

[The Court]: And on the 30th day of April of 2006, were you here in El Paso, Texas?

[Knelsen]: Yes.

[The Court]: And did you possess some marijuana?

[Knelsen]: Yes.

[The Court]: You don't contest that the amount of marijuana that you had was more than five pounds?

[Knelsen]: Yes.

[The Court]: And you at this time are telling me that all the allegations set forth in this indictment are true and correct?

[Knelsen]: Yes.

[The Court]: I can't hear you.

[Knelsen]: Yes.

The trial court then found Knelsen guilty and assessed her punishment at imprisonment for six years, probated for six years foreign-national community supervision. Knelsen did not appeal.

Almost six years later, Knelsen filed an application for writ of habeas corpus pursuant to Article 11.072. *See* TEX.CODE CRIM.PROC.ANN. art. 11.072. The application alleged the following as grounds for relief:

1. the record of Knelsen's guilty plea does not show that the plea was made

- 3 -

intelligently and knowingly;

2. Knelsen is actually innocent;

3. Knelsen was deprived of the effective assistance of counsel where counsel failed to advise Knelsen that she could not be found guilty of unlawful possession based on mere presence in the vehicle where the marihuana was found;

4. Knelsen was constructively deprived of the effective assistance of counsel because counsel labored under an actual conflict of interest;

5. the trial court failed to take appropriate action against trial counsel to protect Knelsen from the conflict of interest;

6. Knelsen's guilty plea is involuntary because trial counsel erroneously advised her that a 'no contest' plea is different than a guilty plea; and

7. the record does not affirmatively demonstrate a sufficient factual basis to support Knelsen's guilty plea.

The State filed a timely answer to the writ application.

At the evidentiary hearing, Knelsen relied exclusively on her sworn pleadings and the record of the guilty plea, while the State presented the testimony of Knelsen's attorney, Peter Giovannini. Giovannini met with both of the Knelsens in the courtroom on June 1, 2006. He advised both of them that there could be a potential conflict of interest in dual representation and it could jeopardize each person's defense. After discussion of the matter, Knelsen told him that she wanted him to represent her and she would waive any conflict of interest. Giovannini did not get a written waiver from Knelsen. He also discussed the facts and circumstances of the case with Knelsen and advised her what he believed the State could prove beyond a reasonable doubt at a jury trial. He recalled that Knelsen chose to plead guilty, but she was worried about the immigration consequences of a guilty plea. It was Giovannini's understanding at the time that a

person who pled no contest might have a better chance of reentering the United States upon application. Consequently, he advised Knelsen to plead no contest. Judge Paxson refused to accept a no contest plea, and after consulting briefly with Giovannini, Knelsen changed her plea to guilty. He recalled that she wanted to plead guilty and put the case behind her instead of going to trial. Giovannini testified that there was no actual conflict of interest because Knelsen told him that she knew the marihuana was concealed in the tire and they had done this before.

At the conclusion of the hearing, the habeas court orally granted habeas relief. The court thereafter entered written findings of facts and conclusions of law and vacated Knelsen's conviction. In its fact findings, the judge expressly made a finding that Giovannini's testimony was not credible. The conclusions of law reflect that the trial court granted the writ on two grounds: (1) Knelsen was deprived of the effective assistance of counsel by Giovannini's dual representation of the Knelsens on the same charge because he labored under an actual conflict of interest; and (2) Knelsen's guilty plea was not voluntarily, knowingly, and intentionally entered because it was a product of ineffective assistance of counsel by her trial counsel. The State appealed.

We granted the State's motion to abate the appeal in order for the habeas court to make supplemental findings of fact and conclusions of law with respect to the actual conflict of interest ground. Our order also directed the trial court to address both prongs of the *Strickland v. Washington* test for ineffective assistance of counsel.[2] The trial court filed supplemental findings and conclusions. The supplemental findings reiterated the court's determination that Giovannini's testimony was not credible. In its conclusions of law, the habeas court found that

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Knelsen, as a result of her attorney's deficient performance, did not freely, voluntarily, and knowingly waive her rights and enter the guilty plea. Additionally, the court concluded that Knelsen and her husband had conflicting defenses, trial counsel never informed Knelsen of any possible conflicts of interest, and never obtained a knowing waiver of the conflicts of interest.

## ACTUAL CONFLICT OF INTEREST

In its first issue, the State asserts that the record does not support the habeas court's factual findings related to the existence of an actual conflict of interest, and even assuming a conflict existed, Knelsen failed to prove that the conflict had an adverse effect on specific instances of counsel's performance.

### *Standard of Review*

The burden is on the habeas corpus applicant to prove her claims by a preponderance of the evidence. *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex.Crim.App. 2011) *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex.Crim.App. 2002). The trial judge is the sole finder of fact in an Article 11.072 habeas case. *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex.Crim.App. 2011). When reviewing a trial court's decision to grant or deny habeas relief in an Article 11.072 habeas case, we apply the highly deferential *Guzman*[3] standard of review. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex.Crim.App. 2013); *Ex parte Garcia*, 353 S.W.3d at 788. Under this standard, we afford almost total deference to the trial court's findings of historical fact that are supported by the record. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex.Crim.App. 2006). Likewise, we will defer to the trial court's rulings on "application of law to fact questions" if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Ex*

---

[3] *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).

*parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex.Crim.App. 2007). On the other hand, if the resolution of the ultimate questions turns on an application of legal standards absent any credibility issue, we review the determination *de novo*. *Ex parte Peterson*, 117 S.W.3d at 819.

*Actual Conflict of Interest Ineffectiveness*

Ineffective assistance may result from an attorney's conflict of interest. *Strickland*, 466 U.S. at 692, 104 S.Ct. at 2067. An attorney's representation of co-defendants is not *per se* violative of the constitutional guarantee of effective assistance of counsel. *See Holloway v. Arkansas*, 435 U.S. 475, 483, 98 S.Ct. 1173, 1178, 55 L.Ed.2d 426 (1978); *James v. State*, 763 S.W.2d 776, 778 (Tex.Crim.App. 1989). Absent special circumstances or a timely objection to multiple representation, the Sixth Amendment does not require a trial judge to initiate an inquiry into the propriety of multiple representation in every case. *Cuyler v. Sullivan*, 446 U.S. 335, 345-47, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333 (1980).

Because Knelsen's conflict of interest claim arises from trial counsel's dual representation of the Knelsens, the correct standard is the one articulated in *Cuyler v. Sullivan*, 446 U.S. 335, 348-50, 100 S.Ct. 1708, 1718-19, 64 L.Ed.2d 333 (1980) rather than *Strickland v. Washington*. *See Acosta v. State*, 233 S.W.3d 349, 352-53 (Tex.Crim.App. 2007). To establish a Sixth Amendment violation, a defendant who raised no objection at trial must demonstrate by a preponderance of the evidence that an actual conflict of interest adversely affected counsel's performance. *Cuyler*, 446 U.S. at 348-49, 100 S.Ct. at 1718; *Odelugo v. State*, 443 S.W.3d 131, 136 (Tex.Crim.App. 2014). Under the *Cuyler* standard, the defendant must show that trial

counsel actively represented conflicting interests and he was adversely impacted as a result. *See Cuyler*, 446 U.S. at 349-50, 100 S.Ct. at 1719. If the defendant makes these showings, prejudice is presumed. *Strickland*, 466 U.S. at 692, 104 S.Ct. at 2067; *Cuyler*, 446 U.S. at 348-50, 100 S.Ct. at 1718-19; *Monreal v. State*, 947 S.W.2d 559, 564 (Tex.Crim.App. 1997).

An actual conflict of interest exists when one defendant "stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a co-defendant whom counsel is also representing." *James*, 763 S.W.2d at 779. Counsel's failure to emphasize the culpability of one defendant over another defendant does not create an actual conflict. *Kegler v. State*, 16 S.W.3d 908, 911 (Tex.App.--Houston [14th Dist.] 2000, pet. ref'd). To show the required adverse impact, the defendant must show that some plausible defensive strategy or tactic might have been pursued but was not due to the conflict of interest. *Ramirez v. State*, 13 S.W.3d 482, 487 (Tex.App.--Corpus Christi 2000), *pet. dism'd improvidently granted*, 67 S.W.3d 177 (Tex.Crim.App. 2001). Finally, the defendant must show an actual conflict exists as the mere possibility of a conflict is insufficient to overturn a criminal conviction. *Cuyler*, 446 U.S. at 350, 100 S.Ct. at 1719.

### The State of the Evidence

In support of her conflict of interest claim, Knelsen relied exclusively on her sworn pleadings and the reporter's record of the guilty plea. Knelsen's writ application sets forth a recitation of "[f]acts obtained from the El Paso Police Department's offense reports." The writ application states that the police offense reports are attached, but the offense reports are not attached to the copy of the application in the clerk's record or to the copy admitted at the hearing

as Applicant's Exhibit 1. Many of the habeas court's findings of fact, including those relevant to the conflict of interest claim, are drawn directly from the sworn pleadings and its recitation of what was purportedly stated in the police reports.

In a habeas action brought under Article 11.072, matters alleged in the application that are not admitted by the State are considered denied. TEX.CODE CRIM.PROC.ANN. art. 11.072, § 5(e); *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex.Crim.App. 2013). In this case, the State did not admit any matters in its answer. Further, it is well established that sworn pleadings are an inadequate basis upon which to grant relief in any habeas case. *Guerrero*, 400 S.W.3d at 583. Knelsen asserts in her brief that the State waived any complaint about the habeas court considering the sworn pleadings because it did not object when she offered a copy of her pleadings at the end of the hearing. The State's failure to object to the pleadings does not transform them into competent evidence nor does it override the rule that sworn pleadings are insufficient to support relief in any habeas case.

We are also required to defer to the habeas court's express determination that trial counsel lacked credibility, and as a result, we are not permitted to consider his testimony except in those limited instances where the habeas court expressly found some aspect of counsel's testimony to be true.[4] Knelsen's actual conflict of interest claim must be evaluated in light of that testimony and the only remaining evidence--the reporter's record of the guilty plea hearing.

*No Evidence Knelsen Adversely Affected*

The habeas court found that trial counsel conceded that Knelsen had a viable defense to

---

[4] The habeas court stated in original finding of fact nine that trial counsel conceded that Knelsen had a viable defense to the possession of marihuana charge.

the possession charge. Counsel testified that Knelsen never told him that it was not her marihuana and it belonged to her husband, and she did not try to "pin the blame on him." Counsel believed this would have been a viable defense, but Knelsen would not even consider going to trial "so that was a moot point." At the guilty plea hearing, Knelsen initially entered a plea of not guilty. After a momentary discussion whether the court would accept a no contest plea, Knelsen changed her plea to guilty. When asked whether she possessed marihuana as alleged in the indictment, Knelsen replied in the affirmative but added that she did not know about it. The trial court informed Knelsen he would not accept her guilty plea if she was not guilty. Knelsen subsequently admitted that she possessed the marihuana and all of the allegations in the indictment were true. Johan also entered a plea of guilty during this same proceeding.

Other than stating during the guilty plea hearing that she was unaware the marihuana was hidden in the spare tire, Knelsen offered no evidence that she had a viable defense to the possession charge. Even if we assume for the sake of argument that Knelsen had a viable defense in that she could have gone to trial and placed the blame on her husband, there is no evidence in the record that this defensive strategy was not pursued as a result of the conflict of interest. Consequently, Knelsen failed to establish by a preponderance of the evidence that she was adversely impacted by an actual conflict of interest. *See Ramirez*, 13 S.W.3d at 487. Issue One is sustained.

### VOLUNTARINESS OF THE GUILTY PLEA

In Issue Two, the State challenges the habeas court's determination that Knelsen's guilty

plea was involuntary because it was based on erroneous advice from trial counsel. The State additionally argues that Knelsen failed her burden to prove that trial counsel's performance was deficient or that any deficient performance resulted in prejudice to her.

*Scope of the Issue*

Before addressing the merits of Issue Two, it is necessary to consider the scope of the issue because Knelsen argues in her brief that the State does not address a ground on which the habeas court granted relief, and therefore, the order granting habeas relief must be upheld. The habeas court found in Knelsen's favor on two areas of advice provided by trial counsel: (1) counsel erroneously advised her that she could be convicted of possession even if she was unaware of the marihuana found concealed in the vehicle; and (2) counsel erroneously advised her regarding the difference between a no contest plea and a guilty plea. The State focuses much of its argument on the habeas court's findings related to the first area of advice, and it contends that the evidence does not support the habeas court's determination that counsel's performance was deficient. This argument pertains to the first prong of the *Strickland* standard. The State additionally more broadly argues that Knelsen did not meet her burden of proof with respect to the second part of the *Strickland* test. If Knelsen failed to carry her burden on either parts of the *Strickland* test, then her ineffective assistance of counsel claim fails. We do not find that the State failed to address a ground on which the habeas court granted relief.

*Standard of Review*

To be constitutionally valid, a guilty plea must be entered voluntarily, knowingly, and intelligently. *See Fuller v. State*, 253 S.W.3d 220, 229 (Tex.Crim.App. 2008). A defendant has

the right to effective assistance of counsel during plea proceedings. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex.Crim.App. 2010). A guilty plea is not knowing or voluntary if it is made as a result of ineffective assistance of counsel. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex.Crim.App. 2012).

A writ applicant seeking habeas relief on the basis of ineffective assistance of counsel must prove by a preponderance of the evidence that: (1) counsel's performance was deficient; and (2) that he was prejudiced as a result. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. When a person challenges the validity of a plea entered upon the advice of counsel, contending that his counsel was ineffective, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. *Ex parte Harrington*, 310 S.W.3d at 458. In determining whether a defendant would not have pled guilty but for counsel's deficient advice, we consider the circumstances surrounding the plea and the gravity of the alleged failure material to that determination. *Ex parte Moody*, 991 S.W.2d 856, 858 (Tex.Crim.App. 1999). The habeas applicant must demonstrate that a decision to reject the plea bargain would have been rational under the circumstances. *See Ex parte Fassi*, 388 S.W.3d 881, 887 (Tex.App.--Houston [14th Dist.] 2012, no pet.). This objective test turns on "what a reasonable person in the defendant's shoes would do." *Id.*

### No Evidence of Prejudice

As discussed in Issue One, Knelsen relied exclusively on her sworn pleadings and the

reporter's record of the guilty plea. She did not testify at the writ hearing or present other evidence such as her own affidavit setting forth facts related to the advice provided by counsel and entry of the guilty plea. Under these circumstances, Knelsen failed to prove that, but for counsel's allegedly faulty advice, she would have rejected the plea bargain and would not have entered a plea of guilty. Even if Knelsen's sworn pleadings could be accepted as evidence, she does not affirmatively and definitively state in her pleadings that she would have rejected the plea bargain and would have insisted on going to trial. She instead states that she would have insisted on being represented by a different attorney than the one who represented her husband and "it is more likely than not that Anna Knelsen would have refused to enter a 'no contest' or 'guilty' plea to the indicted marijuana possession charge and would have insisted upon a trial instead." In the absence of more definitive evidence, Knelsen simply failed to prove that she would have rejected the plea bargain and would not have entered the guilty plea. Consequently, the habeas court erred by granting relief on this ground. Issue Two is sustained. Having sustained both issues presented, we reverse the habeas court's order granting habeas relief and vacating the conviction, and we render judgment denying the application for writ of habeas corpus. Knelsen's conviction is reinstated.

August 26, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

- 13 -